PROVIDENT SAVINGS LIFE ASSUR. SOC. v. NIXON.

(Circuit Court of Appeals, Ninth Circuit. February 4, 1896.)

No. 233.

LIFE INSURANCE — FORFEITURE FOR NONPAYMENT OF PREMIUMS — PROOF OF NOTICE.

The New York statute provides that no policy shall be forfeited for nonpayment of a premium when it is due, unless at least 30 days prior thereto a notice of the date when the premium falls due "shall be duly addressed and mailed to the person whose life is insured * * * at his or her last known post-office address, postage paid by the company, or by an agent of such company," etc. 3 Rev. St. (8th Ed.) 1686. To show compliance with this statute, a clerk of an insurance company, testifying by deposition, was asked whether he had "mailed" such a notice, and answered, "Yes," but then proceeded to state what he had done, saying, among other things, that he personally deposited the notice in the general post office, without stating, however, that he had prepaid the postage. Held that, even if the word "mailed," when standing alone, is to be considered as implying prepayment of postage, the proof was insufficient, and the deposition was properly excluded.

In Error to the Circuit Court of the United States for the Western Division of the District of Washington.

This is an action by Cora E. Nixon, defendant in error, on two policies of insurance issued by plaintiff in error to the husband of defendant in error, and of which she was the beneficiary. They were respectively for $5,000 and $15,000, and the premiums on the former were payable quarterly on the 12th days of March, June, September, and December. That which fell due on the 12th of September, 1890, was not paid when due, nor has it ever been paid. The premiums on the $15,000 policy were payable annually on the 11th day of October, and that which fell due October, 1890, was not paid. The husband of defendant in error died on the 16th of April, 1891. The defense is a forfeiture for nonpayment of premiums. This defense depends upon the provisions of the New York statute, and the acts of the plaintiff in error under it. The statute (Laws 1877, c. 321) is as follows:

"The people of the state of New York, represented in senate and assembly, do enact as follows:

"Section 1. Section one of chapter three hundred and forty-one of the laws of eighteen hundred and seventy-six, entitled 'An act regulating the forfeiture of life insurance policies,' is hereby amended so as to read as follows:

"Sec. 1. No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known post-office address, postage paid by the company, or by an agent of such company or person appointed by it to collect such premium. Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, any thing therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for. [3 Rev. St. (8th Ed.) 1685, 1686.]

"Sec. 2. The affidavit of any one authorized by section one to mail such notice, that the same was duly addressed to the person whose life is assured in the policy, or to the assignee of the policy, if notice of the assignment has been given to the company, in pursuance of said section, shall be presumptive evidence of such notice having been given." 3 Rev. St. (8th Ed.) 1687.

To prove the sending of notice under these statutes, the plaintiff in error tendered certain evidence which was excluded by the court below, and this ruling is assigned as error. There are other assignments of error, but they are dependent upon this ruling.

The bill of exceptions shows that one William E. Stevens, whose

v.73F.no.1—10

deposition was taken in New York, testified on behalf of defendant as follows:

That his age was 51. That he was New York secretary of the Provident Savings Life Assurance Society of New York, and had been such since 1870. "Q. 3. What officer or employé had charge of the mailing of notices to the policy holders of said society in the months of August and September, 1890, of the amount of quarterly payments or other premiums falling due upon its policies? A. 3. In August, 1890, Harry H. Meeder, a clerk in the employ of the society. In September, 1890, E. Seward Prosser, another clerk of the society. · Q. 4. What officer of the Provident Savings Life Assurance Society has, since the 12th day of June, 1886, had charge of the records of the premiums falling due upon policies issued by said society, and the payment thereof? A. 4. I have, and since the date named have had such charge, but the actual work upon these records is done by clerks under my supervision."

After stating when premiums were due, and what premiums had been paid, and that that of September, 1894, had not been, he was asked:

"Q. 11. Were notices of premiums falling due upon said policy sent to Thomas L. Nixon by the secretary? If so, attach to your answer hereto true copies of the notices so sent of premiums falling due June 12, 1890, and September 12, 1890, and give the dates when the same were mailed, if sent by mail. A. 11. Yes, and true copies of the notices referred to are hereto attached, and marked Exhibits D and E. They were mailed, respectively, on May 9, 1890, and August 4, 1890.

"Whereupon counsel for ·the said plaintiff then and there objected to the answer last above given, on the ground that it had already been shown by the deposition that the said William E. Stevens was not the party who mailed the said notices, and consequently was incompetent to testify. Whereupon his honor, the said judge, sustained the objection, upon the ground that the answer did not state facts within ·the personal knowledge of the deponent. Whereupon counsel for the defendant excepted to the ruling of his honor, the said judge, and the said exception was by his honor, the said judge, allowed."

And again, after stating that only one premium was paid on policy No. 32,025 (that for $15,000), he was asked: .

"Q. 15. Were the notices of premiums falling due upon said policy No. 32,025 sent to Thomas L. Nixon by the society? If so, attach to your answer hereto a true copy of each notice so sent, and give the date when the same was mailed, if sent by mail. A. 15. Yes. The notice was mailed September 9, 1890. Copies of two forms of notices are attached hereto, and marked Exhibits F and F2. I cannot say positively which form was used.

"Whereupon counsel for the plaintiff then and there objected to the answer last above given, on the ground that it had already been shown by the deposition that the said William E. Stevens was not the party who mailed the said notices, and consequently was incompetent to testify. Whereupon his honor, the said judge, sustained the objection upon the ground that the answer did not state facts within the personal knowledge of the deponent. Whereupon counsel for the defendant excepted to the ruling of the said judge, and said exception was by his honor, the said judge, allowed."

Henry H. Meeder testified he was a clerk of plaintiff in error, and that it was his duty to mail to policy holders notices of payment of premiums about to become due upon their policies from July 28, 1890, to August 8, 1890.

"Q. 4. Did you at any time mail to Thomas L. Nixon, of Tacoma, Washington, notice of the premium falling due on September 12, 1890, upon his policy No. 18,647? If so, attach to your answer hereto a true copy of such notice, including the address thereon, and state when and where you mailed the same. A. 4. Yes. I attach an exact copy of that notice hereto, marked Exhibit 1. I personally deposited in the general post office of New York City, on the 4th day of August, 1890, the original notice of which this is a copy, addressed to Thomas L. Nixon, Tacoma, Washington; that being his last known post-office address. The mailing of such notice was at that time a part of my duty as clerk.

"And thereupon the said defendant further, to prove and maintain the said cause on its part, offered in evidence the copy of the notice of premium falling due September 12, 1890, to which reference was made in the answer of the

said Henry H. Meeder to the fourth interrogatory above set forth, which said copy of said notice is in the words and figures following, to wit:

" 'Office of the
" 'Provident Savings Life Assurance Society of N. Y.
" 'Home Office, No. 120 Broadway.

" 'New York, Aug. 4th, 1890.

" 'Take notice that a premium of $15.85 required to renew Policy No. 18,647 in this society will, if such policy be in force on that day, but not otherwise, become due and payable to the secretary of the society at its office, No. 120 Broadway, in the city of New York, on the 12th day of September, 1890, and if not paid on or before said date the policy and all payments made thereon will become forfeited and void; but this notice is not intended to vitiate any right to paid-up or extended insurance provided for in the policy contract. All premiums are due at the office of the society in the city of New York, but for the convenience of policy holders, payments may be made on or before due dates to an authorized agent having in his possession the society's receipt therefor, signed by the president or secretary. Should you change your post-office address, please notify the secretary of the society in writing.

" 'Wm. E. Stevens, Secretary.

" 'N. B.—Agents are forbidden to receive overdue premiums, except within thirty days of the due dates, and then only upon receipt of a certificate of good health. (Form 248.)'

"Whereupon, counsel for said plaintiff then and there objected to the introduction of the said copy of the said notice, on the ground that it was incompetent, irrelevant, and immaterial; that there was nothing in the deposition to show that any postage was prepaid on the said notice; that it was not the evidence that the statute expressly states shall be the evidence of the mailing of the notice; and for the further reason that it did not affirmatively appear that the notice was mailed to the last known post-office address of the said Thomas L. Nixon as it appeared on the books of the company. Whereupon, his honor, the said judge, sustained the objection."

E. Seward Prosser, a witness whose deposition was taken on behalf of plaintiff in error, testified that he was an insurance clerk in the employ of plaintiff in error; that it was a part of his duty to mail to policy holders notices of payments of premiums about to become due on policies from October 30, 1889, to October 26, 1892, except when absent on vacation or sickness. In answer to a question identical to that put to Meeder, he answered:

"A. 4. Yes. On the 9th day of September, 1890, I deposited in the general post office in New York City a notice addressed to Thomas L. Nixon, Tacoma, Washington. Said notice stated that a premium of $258.00, required to renew policy No. 32,025, would become due and payable to the secretary of the society at its office, No. 120 Broadway, in the city of New York, on the 11th day of October, 1890, and that, if said premium was not paid on or before said date, said policy would thereupon become forfeited and void. A slight change was made at about this time in the blank form used in these notices, and I cannot swear which was used, but, according to my best knowledge and belief, the form used was one of the two forms hereto annexed, and marked Exhibits 1 and 2, respectively."

The part of the answer descriptive of the notice was struck out on motion of defendant in error, and to meet the ruling of the court two forms of notices used were introduced in evidence.

Walker & Fitch, for plaintiff in error.

Stanton Warburton, for defendant in error.

Before McKENNA and GILBERT, Circuit Judges, and HAWLEY, District Judge.

McKENNA, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The statute is explicit as to when and where and how notice shall be sent to the assured that a premium is due. The provision and language is that it "shall be duly addressed and mailed to the person whose life is assured * * * at his or her last known post-office address, postage paid by the company, or by an agent of such company, or person appointed by it to collect such premium." 3 Rev. St. (8th Ed.) 1686. It is contended by plaintiff that his proof shows a compliance with the statute. It does not explicitly, but it is claimed as an inference from the word "mailed"; and that this word implies prepayment of postage is said to be supported by the following cases: Pier v. Heinrichshoffen, 67 Mo. 163; Bussard v. Levering, 6 Wheat. 102; Lindenberger v. Beall, 6 Wheat. 104; Sanderson's Adm'r v. Reinstadler, 31 Mo. 483; Renshaw v. Triplett, 23 Mo. 213, at page 220; Rosenthal v. Walker, 111 U. S. 185, 4 Sup. Ct. 382; Schutz v. Jordan, 141 U. S. 213, 11 Sup. Ct. 906; Bank v. De Groot, 43 N. Y. Super. Ct. 341. But two of these are in point. The others only hold that notice, in the instances mentioned by them, could be given by mail. The fact or necessity of prepayment of postage was not raised. Both appear to have been taken for granted. Indeed, in one case (Rosenthal v. Walker) it appeared that postage was prepaid. Page 196, 111 U. S., and page 382, 4 Sup. Ct. In Pier v. Heinrichshoffen a notary public made affidavit that he "mailed" certain notices of protest. The testimony was objected to on the ground that he did not state that the postage on said notice was prepaid. The lower court sustained the objection, and excluded the evidence. The appellate court reversed the ruling. The language of the appellate court is as follows:

"Objections are also made to the notice which was given by the notary. The certificates of protest are as follows: 'Due notices of the foregoing presentment, demand, refusal, and protest were put in the post-office at St. Paul, as aforesaid, and directed as follows: Notice for Katharina Ambs, directed St. Louis, Mo.; notice for W. and R. Heinrichshoffen, directed St. Louis, Mo.' And the notary testified, 'I personally mailed such notice in the post office on the 15th day of July, A. D. 1861.' The objection is that he did not say that he had prepaid the postage, and the court instructed the jury that this was necessary. This objection is rather hypercritical. The word 'mailed,' as applied to a letter, means that the letter was properly prepared for transmission by the servants of the postal department, and that it was put in the custody of the officer charged with the duty of forwarding the mail. Indeed, the words, 'put into the post office,' as used by the notary, have a technical significance which is well defined, and they are commonly employed to designate the duty of the holder in giving notice. Since the enactment of the laws requiring all mail matter to be prepaid, these words have been used by this court in the sense of 'mailed.' * * * It sufficiently appears in the present case that the notice was properly directed. The evident and only meaning of the notary's certificate is that the notice was mailed to the defendants at St. Louis, Mo. The judgment will be reversed, and the cause remanded."

In Bank v. De Groot, 43 N. Y. Super. Ct. 341, the same question was presented on the same state of facts as existed in the case of Pier v. Heinrichshoffen. The language of the court is as follows:

"In corroboration and explanation of the memoranda of the notary it was proved at the trial, and without objection, that the notices of protest were put in envelopes, and directed to the defendant at his place of business, No. 142 Fulton street, New York City, and delivered, thus inclosed and directed, by the notary, whose custom it was to mail such notices in the general post office

of the city of New York. At the trial the defendant did not testify that he failed to receive the notices of protest of the notes. The defendant objected that there was no evidence that the notices were sealed up, and postage prepaid, and when and where they were put in the post office. The statute (3 Rev. St. [5th Ed.] p. 71, § 29) does not require the notices to be sealed up, and the memoranda of the notary in his official register sufficiently designate when and where they were mailed. A question was raised on the argument as to the meaning of the term 'mailed.' The word is usually employed to designate the placing of letters or parcels in a post office, to be delivered under the public authority. The delivery of this class of mail matter is prohibited unless the postage thereon is prepaid. Rev. St. U. S. §§ 3896, 3900. When the word 'mailed' appears as a note or memorandum in the official register of a deceased notary, it is consistent with reason and the actual meaning of the term to presume that it describes what that act in its common and ordinary performance calls for, and more especially is this the case when there is other proof corroborating and explaining entries."

We should be disposed to follow these decisions if the witnesses of plaintiff in error had testified that they had mailed the notices, without adding explanations; certainly to the extent of holding that the testimony should have been submitted to the jury. It is true that William E. Stevens, secretary of the company, testifies that the notices were mailed; but this was hearsay, and properly excluded. The other two witnesses, Meeder and Prosser, testify, as to the point involved, very much alike; and while each, in reply to the question if he had mailed the notices, answered "Yes," each enumerated what he did, and did not include in the enumeration payment of postage. To allow the testimony to be proof of the requirements of the statute would be to relax it too much, and afford opportunity for its evasion. See Haskins v. Benefit Soc., 7 Ky. Law Rep. 371.

The judgment of the circuit court is therefore affirmed.