SCHAD et al. v. SECURITY MUT. LIFE ASS'N OF BINGHAMTON.

(Supreme Court, Appellate Division, Third Department. December 2, 1896.)

INSURANCE—NOTICE OF FORFEITURE—SUFFICIENCY.
    A notice that a policy should "cease to be in force" if a specified premium should not be paid when due, is not a compliance with Laws 1877, c. 321, which requires the notice to state that, unless the payment is made, the "policy and all the payments thereon will become forfeited and void."

Appeal from trial term, Broome county.

Action by Katherine Schad and others, administrators, etc., of Henry Schad, deceased, against the Security Mutual Life Association of Binghamton, N. Y. From a judgment for plaintiffs, entered on a verdict, and from an order denying a new trial, made on a case and exceptions, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Carver, Deyo & Jenkins, for appellant.

D. S. Richards, for respondents.

MERWIN, J. On the 28th March, 1887, the defendant, in consideration of the application of Henry Schad, plaintiffs' intestate, and of the payment of the admission fee, and of the further payment of the semiannual assessment of $20.48, to be made at the home office of the defendant at Binghamton on or before the 28th days of March and September during the continuance of the contract, received the said Schad as a member of the association, and issued its policy of insurance on his life in the sum of $2,000, payable, at his death, to his heirs or representatives, from the mortuary fund of the association. Henry Schad died October 9, 1892. No question is made about the right of plaintiffs to bring the action, or as to the

adequacy of the mortuary fund. The semiannual assessments, as required by the policy, were paid up to and including the payment of 28th March, 1892. The payment of $20.48 which, by the terms of the policy, became due on 28th September, 1892, was not paid. The defense is that by reason of this nonpayment the policy was void prior to the death of the insured, and the plaintiffs cannot, therefore, recover. The plaintiffs, however, say that the defendant, under the provisions of chapter 341 of the Laws of 1876, as amended by chapter 321, Laws of 1877, had no power to treat the policy as forfeited or lapsed until giving the notice provided for in that act; that the notice which the defendant did give was not sufficient under the act, or, if it was, that the provisions were waived, or were not effective, by reason of the prior course of dealing between the parties. The sufficiency of the notice is the main question here.

By the act referred to it was provided that no life insurance company doing business in this state should have power to declare forfeited or lapsed any policy thereafter issued except upon mailing to the assured a 30-days written or printed notice, stating the amount of the premium, and the place where and the person to whom the same is payable. It was also further provided as follows:

"Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due, and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for."

The notice in the present case was mailed on the 27th August, 1892. It stated that:

"The next regular advanced payment on your policy, No. 147, will, by its terms, become due and payable at the home office, in Binghamton, N. Y., on the 28th day of Sept. 1892. Amount 20.48. * * * If your payment should not be made when due, your policy would cease to be in force. Delayed payments are accepted only upon satisfactory evidence of continued good health. No agent or collector has authority to extend the time for the payment of a premium."

The question to be determined is whether a notice, which states that, "if your payment should not be made when due, your policy would cease to be in force," complies with a statute which requires that the notice shall state that, if the premium is not paid when due, "the policy and all payments thereon will become forfeited and void." This provision of the statute was considered in Phelan v. Insurance Co., 113 N. Y. 147, 20 N. E. 827. The notice in that case, after stating the amount of the premium, and where and when it fell due, proceeded:

"The conditions of your policy are that payment must be made on or before the day the premium is due, and members neglecting so to pay are carrying their own risk. Agents have no right to waive forfeitures."

In a postscript there was added the expression, "Prompt payment is necessary to keep your policy in force." This notice was held to be insufficient, it being said:

"We are also of opinion that the notice does not, in its terms, conform to the statute. Many ignorant and unlearned people seek to avail themselves of the advantages proposed by these companies. The statute is designed for the protection of all classes, and the language it prescribes for notice is intelligible to all. To say that in a declared event 'a policy will become forfeited and void,' conveys a meaning easily to be comprehended. To refer to the policy and conditions, and say that 'members neglecting so to pay are carrying their own risk,' is quite another thing; and, while it may be comprehensible to those versed in the language of insurers, and accustomed to their phraseology, it is not the language of the statute, and does not embody the notice which the statute requires."

In McDougall v. Assurance Soc., 135 N. Y. 551, 32 N. E. 251, the form of the notice, in the respect here complained of, was as follows:

"In order to continue and extend the insurance, it will be necessary that the payments required for that purpose shall be paid on or before the date above mentioned, as stipulated in the policy contract."

The policy was for one year only, and it contained an agreement on the part of the society to renew and extend the insurance for successive years upon condition that the assured pay on or before a certain date in each year a mortuary premium, and a specified expense charge. Renewals in that way had been effected for several years. The notice was held to be sufficient, and the court, after referring to the Phelan Case, say:

"But in this case, as the appellants' counsel has clearly shown, the notice to be given could not closely conform to the statute, inasmuch as the yearly method of insurance was of a special character. The notice was to remind the assured of the privilege he possessed of electing to have the contract continued and extended over the ensuing year, and of the conditions of its exercise. It could not state that, if the 'premium' was not paid, the policy and all payments thereon will become forfeited and void, for that would not be accurate. Something more than a premium was to be paid to extend the contract of insurance, and therefore the company notified him that certain 'payments' were necessary for that purpose. The obligation of the statute must not be unreasonably insisted upon. It provides for the giving of a notice, which shall be unambiguous, and intelligible to all. When applied to an insurance contract out of the ordinary form, it secures to the assured such a notice as will contain statements reminding him of when and where he is to make any payments pursuant to the terms of the contract, their amount, and the effect of nonpayment. The statute was not meant to operate harshly upon the insurer, but to afford a protection to the assured, by the reasonable requirement of a notice, couched in plain terms, from the insurer, before the interest of the assured could be forfeited. To hold that, where every essential fact required to be known is intelligibly stated in the notice, it may be disregarded if not literally following the words of the statutory provision, would be a most harsh and unwarrantable construction. Its words are readily capable of being used in the ordinary cases of insurance contracts; but in cases not precisely had in view, and where some regard must be had to the nature of the contract itself, it is sufficient if the essential information intended to be afforded by the statute is found in the notice actually given. If the provisions of the act are to be extended in their application to the case of a contract made for the insurance of a life for the term of twelve months, the flexibility of the language must certainly admit the sufficiency of a notice from the insurer with that contract."

In Merriman v. Association (Sup.) 18 N. Y. Supp. 305, the notice was to pay "within 30 days from the date of notice, otherwise your policy will be forfeited." This was held not to comply with the statute, it being said that it failed to notify the assured that all pay-

ments which had been made thereon would become forfeited, and that the policy would be void.

The defendant relies on the McDougall Case. There the notice was held to be good because the contract of insurance was out of the ordinary form, and the obligation of the statute was construed in that view. It was said that in the ordinary cases of insurance contracts the words of the statute are readily capable of being used. Inferentially it may be said that the view of the court was that they should be used in ordinary cases. In the present case there was nothing in the way of using the language of the statute, and the McDougall Case is not, I think, authority to support the notice.

It was one of the essential purposes of the statute that the insurer should, in its notice, declare distinctly its design to forfeit the policy, as well as the payments previously made thereon, in case the payment was not made. The contract, by its terms, would become void on such nonpayment, but that was not enough. Not only must the right exist by the terms of the contract, but it must be asserted in a particular way. The notice was in the nature of a warning to the policy holder. Significant and unequivocal language was specified in the statute, and no good reason is apparent in this case why it was not used in the notice given. The logic of the Phelan Case is, I think, applicable, and the notice should be held to be insufficient.

In this view of the case, it is not necessary to consider the other questions raised. If the proper notice was not given, the assured, at his death, was not in default, and the defendant has no defense to the action.

Judgment and order affirmed, with costs. All concur.