NEW YORK LIFE INS. CO. v. DINGLEY.

(Circuit Court of Appeals, Ninth Circuit. February 6, 1899.)

No. 466.

INSURANCE—LIFE POLICY—FORFEITURE—NONPAYMENT OF PREMIUM—NOTICE—VALIDITY.

A policy provided that, after it had been in force three months, one month's grace would be allowed in payment of subsequent premiums, which became due annually on July 19th. Laws N. Y. 1892, c. 690, art. 2, § 92. by which the policy was governed, provides that no life insurance corporation doing business in that state shall declare a policy forfeited for nonpayment of premium when due, unless a notice stating the amount due, the place of payment, and the person to whom payable shall be mailed to the person insured at least 15, and not more than 45, days, prior to the day when the same falls due, and stating that, unless the amount then due shall be paid by such date, the policy will become forfeited. and declares that, if payment so demanded is made within the time limited therefor, it shall be a full compliance with the policy, and that no such policy shall in any case be forfeited until the expiration of 30 days after the mailing of such notice. Plaintiff's decedent paid two annual premiums prior to June 27, 1896, when defendant mailed him a notice in compliance with the statute, except that it declared that, unless the premium was paid on or before July 19th, the policy would be forfeited, but also stated that the notice was sent in compliance with the New York law, and did not modify the provisions of the policy. The premium due July 19, 1896, was not paid, and assured died in November of that year. *Held*, that since, under the statute, the policy could not be forfeited until 30 days after the mailing

1 Rehearing denied May 23, 1899.

of the notice, and that that period could not expire between June 27th and July 19th, and in view of the grace provision of the policy, the notice declaring that it would be forfeited, if payment was not made on the latter date, was invalid, and hence that the policy was continued in force.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

Geo. H. Durham, for plaintiff in error.

Preston, Carr & Gilman, for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

ROSS, Circuit Judge. This was an action upon a policy of life insurance issued by the New York Life Insurance Company by which it insured the life of one Walter F. Dingley. That the contract was made under and subject to the laws of the state of New York is not disputed. Its date is August 3, 1894, and one of the considerations for the contract was the payment to the company by the insured, in advance, of $158, "and of the payment of a like sum on the 19th day of July in every year thereafter during the continuance of this policy, until twenty full years' premium shall have been paid." The contract further provided, among other things, as follows:

"No agent has power, in behalf of the company, to make or modify this or any contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or making or receiving any representation or information. These powers can be exercised only by the president, vice president, second vice president, actuary, or secretary, and will not be delegated. All premiums are due and payable at the home office of the company, unless otherwise agreed in writing, but may be paid to agents producing receipts signed by the president, vice president, second vice president, actuary, or secretary, and countersigned by such agents. If any premium is not thus paid on or before the day when due, then, except as hereinafter otherwise provided, this policy shall become void, and all payments previously made shall remain the property of the company. After this policy shall have been in force three months, a grace of one month will be allowed in payment of subsequent premiums, subject to an interest charge of five per cent. per annum for the number of days during which the premium remains due and unpaid. During the said month of grace, the unpaid premium, with interest as above, remains an indebtedness due the company, and, in the event of death during the said month, this indebtedness will be deducted from the amount of the insurance."

At the time of the making of the contract in question there was, and yet is, in force, a statute of the state of New York which provides as follows:

"No Forfeiture of Policy Without Notice. No life insurance corporation doing business in this state shall declare forfeited or lapsed any policy hereafter issued or renewed, and not issued upon the payment of monthly or weekly premiums, or unless the same is a term insurance contract for one year or less, nor shall any such policy be forfeited or lapsed by reason of nonpayment, when due, of any premium, interest, or installment or any portion thereof, required by the terms of the policy to be paid, unless a written or printed notice stating the amount of such premium, interest, installment, or portion thereof due on such policy, the place where it should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is insured, or the assignee of the policy, if notice of the assignment has been given to the corporation, at his or her last known post-office address, postage paid by the corporation, or by an officer thereof, or person appointed by it to collect such premium, at least fifteen, and not more

than forty-five days prior to the day when the same is payable. The notice shall also state that unless such premium, interest, installment, or portion thereof, then due, shall be paid to the corporation, or to a duly-appointed agent or person authorized to collect such premium, by or before the day it falls due, the policy, and all payments thereon, will become forfeited and void, except as to the right to a surrender value, or paid-up policy, as in this chapter provided. If the payment demanded by such notice shall be made within the time limited therefor, it shall be taken to be in full compliance with the requirements of the policy in respect to the time of such payment; and no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. The affidavit of any officer, clerk, or agent of the corporation, or of any one authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy, shall be presumptive evidence that such notice has been duly given." Laws 1892, c. 690, art. 2, § 92.

Two premiums, aggregating $316, were paid on the policy, being those for the years 1894 and 1895. The premium for 1896 was not paid, and on the 12th day of November, 1896, the insured died at the city of Seattle, state of Washington. In his application for the policy, the insured gave his post-office address as Oakland, Alameda county, Cal. Subsequently, to wit, April 8, 1895, he notified the company in writing that he had changed his residence to Seattle, Wash., and requested that thereafter all notices should be addressed to him at that place, post-office box 1272. This change of address was noted in the books of the company, and was thereafter the post-office address of the insured last known to it. On the 27th day of June, 1896, the company deposited in the United States post office at San Francisco, Cal., postage prepaid, a notice addressed to the insured at Seattle, as directed, which notice was printed on a card, and reads as follows:

"(2) Bring this card with you when paying premium or inclose it with your remittance. The New York Life Insurance Company hereby gives notice that on policy No. 628,645 a premium of $158 will be due July 19, 1896, provided the policy be then in force. This premium will be due and payable at the home office, 346 and 348 Broadway, New York, to the cashier of the company, or to Fred G. Redding, cashier, Mills Building, San Francisco, Cal., on the production of the official receipt therefor. Unless such premium then due shall be paid to the company, or to a duly-appointed agent or person authorized to collect such premium, by or before the day it falls due, such policy, and all payments thereon, will become forfeited and void, except as to the right to a surrender value or paid-up policy which may be provided in said policy, or by statute. This notice is required by the law of New York, and does not modify any of the terms of the contract. John A. McCall, President.

"Remittance should be made by bank draft, post-office or express money order, or certified check, payable to the order of the New York Life Insurance Company. [Over.]

## "Notice to Policy Holders.

"No agent has power, in behalf of the company, to make or to modify any contract of insurance, to extend the time for paying a premium, to waive any forfeiture, or to bind the company by making any promise, or by making or receiving any representation or information. These powers can be exercised only by the president, vice president, second vice president, actuary, or secretary of the company, and will not be delegated. All premiums are due and payable at the home office of the company unless otherwise agreed in writing, but any premium may be paid to an agent, producing a receipt therefor, signed by the president, vice president, second vice president, actuary, or secretary, and countersigned by such agent. If any premium is not thus paid on

or before the day when due, then (except as otherwise provided) the policy shall become void, and all payments previously made shall remain the property of the company. If any premium is not paid upon the date when due, a grace of one month is allowed by the company within which the overdue premium will be accepted, if paid, with interest, at the rate of 5 per cent. per annum. During this month of grace, the policy is continued in full force. The acceptance of any premium by the company after the expiration of the month's grace is subject to the condition, and upon the express warranty on the part of the holder of the policy that the insured is in good health, and is not to be construed as a waiver of the conditions of the policy as to future payments, nor as establishing a course of dealing between the company and the holder of the policy. Please notify the branch office to which you pay your premium of any error or change in your post-office address, in writing, giving the number of each policy now held by you."

The only question in the case is whether or not the policy became forfeited by reason of the nonpayment of the premium for the year 1896. The statute of New York, under and subject to which the policy was issued, declares, as has been seen, among other things, that no life insurance corporation doing business in that state shall declare forfeited or lapsed any policy thereafter issued, by reason of nonpayment, when due, of any premium required by the terms of the policy to be paid, unless a written or printed notice, stating the amount of such premium, the place where and the person to whom it should be paid, shall be duly addressed and mailed to the person whose life was insured, at his or her last known post-office address, postage prepaid, at least 15, and not more than 45, days prior to the date when the same is payable. The notice is also, by the statute, required to state that, unless such premium be paid to the corporation or to a duly-appointed agent or person authorized to collect such premium, by or before the day it falls due, the policy, and all payments thereon, will become forfeited and void; with a provision to the effect that no policy shall in any case be forfeited, or declared forfeited or lapsed, until the expiration of 30 days after the mailing of such notice. But for this statute, there could be no doubt that the policy in question was forfeited; for not only was the premium for the year 1896 not paid on the 19th day of July of that year, nor within one month thereafter, but it was not paid at all. The statute, however, which entered into and controls the contract of the parties, prohibits such forfeiture unless the company gave the prescribed notice. It is manifest, therefore, that the real question is whether the notice of June 27, 1896, conforms to the statutory requirements. It is not disputed that it was properly addressed and mailed. The purpose of the statute was, as said by the court of appeals of New York in McDougall v. Society, 135 N. Y. 556, 32 N. E. 252, "to afford a protection to the assured by the reasonable requirement of a notice, couched in plain terms, from the insurer, before the interests of the assured could be forfeited." And it has been several times decided by the same court that the provisions of the statute respecting forfeitures should be strictly interpreted in favor of the assured, and that the defense of a forfeiture through nonpayment of premium is not available to an insurance company if there has been any substantial departure on its part from the provisions of the statute in regard to notice. De Frece v. Insurance Co.,

136 N. Y. 144, 32 N. E. 556; Baxter v. Insurance Co., 119 N. Y. 450, 23 N. E. 1048; Phelan v. Insurance Co., 113 N. Y. 147, 20 N. E. 827; Carter v. Insurance Co., 110 N. Y. 15, 17 N. E. 396.

The first part of the notice in question informed the insured that a premium of $158 would become due on the policy July 19, 1896, and stated where and to whom payable. It next informed him that unless such premium, then due, "shall be paid to the company, or to a duly-appointed agent or person authorized to collect such premium, by or before the day it falls due, such policy, and all payments thereon, will become forfeited and void," with an exception not important to mention. So far, this was a substantial compliance with the requirements of the statute, the provisions of which are, as has been seen, that notice shall be given of the day when the premium will become due, in the prescribed way, at least 15, and not more than 45, days prior to the date when the premium is payable, with information to the effect that, unless paid by or before the day it becomes due, the policy, and all payments thereon, would become forfeited and void. It cannot be doubted that, under the terms of the policy in suit, the premium for the year 1896 became payable on the 19th day of July of that year. The company was therefore required by the statute to give the notice not less than 15, nor more than 45, days prior to that date. It was given June 27, 1896, and was therefore within the prescribed time. Yet the forfeiture for failure to pay the premium on the 19th day of July, 1896, of which notice was thus given, was prohibited, both by the statute and by the provisions of the policy. It was prohibited by the statute by virtue of that clause thereof declaring that "no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice." The notice having been mailed June 27, 1896,—only 21 days prior to July 19, 1896,—there was this statutory inhibition against forfeiture for the nonpayment of the premium on July 19, 1896; and, under the terms and conditions of the policy, it was not possible for the forfeiture to occur until the expiration of one month's grace from July 19, 1896, on which day the premium was by the policy declared to become due and payable. Of this the notice also informed the insured; for, after reminding him that the premium became due and payable July 19, 1896, and informing him, wrongly, that, if it was not then paid, the policy, and all payments thereon, would become forfeited and void, it proceeded to say that such notice was given because of the statute of New York, and that it did "not modify any of the terms of the contract"; one of the provisions of which, it reminded the insured, was that:

"After this policy shall have been in force three months, a grace of one month will be allowed for payment of subsequent premiums, subject to an interest charge of five per cent. per annum for the number of days during which the premium remains due and unpaid. During the said month of grace, the unpaid premium, with interest as above, remains an indebtedness due the company, and, in the event of death during said month, this indebtedness will be deducted from the amount of the insurance."

These contradictory and inconsistent notices do not answer the requirement of the New York statute, as construed by the court of appeals of that state, which demands a notice to the insured in

plain, and therefore unambiguous, terms, of the time when the premium will be due, and of the time when a forfeiture will accrue if not theretofore paid. The insured, in the present instance, receiving the notice sent him by the company, and from lack of ability, or neglect, not having paid the premium on the 19th day of July, 1896, might very readily have supposed that his failure to pay on that day worked a forfeiture of the policy; for in the first part of the notice he was distinctly so told, although wrongly, as has been shown. Receiving such notice from the company, and the 19th day of July, 1896, having come and gone without the payment of the premium, it might very well have happened that the insured relied upon the information thus conveyed, and abandoned all effort to pay the premium, without looking to the statute of New York, or to the grace clause printed on the back of the notice, to which his attention was also directed in the notice, by one of which provisions he was still allowed 8 days, and by the other 30 days, after July 19, 1896, within which to pay the premium, and avoid the forfeiture of his policy.

The action of the court below in respect to the instructions requested by the plaintiff in error, and in respect to those given to the jury, pursuant to which a verdict was returned for the plaintiff in error, being in accordance with the views above expressed, the judgment is affirmed.