NEDERLAND LIFE INS. CO., Limited, v. MEINERT.

(Circuit Court of Appeals, Seventh Circuit. January 5, 1904.)

No. 945.

1. LIFE INSURANCE—CONSTRUCTION OF POLICY—FORFEITURE FOR NONPAYMENT OF PREMIUMS.

Provisions in a life insurance policy for its forfeiture on default in the payment of premiums, being written by the company and for its benefit, will be strictly construed in favor of the policy holder, and a forfeiture will not be enforced unless all conditions to be performed by the company have been strictly complied with.

2. SAME—NOTICE UNDER NEW YORK STATUTE.

A life insurance policy contained a provision that "in case of nonpayment of any premium within thirty days after the same shall become due this policy shall be null and void." By its express terms, the policy was to be construed and governed by the laws of New York, where the principal office of the company was situated, and where by statute (Laws 1892, p. 1972, c. 690, § 92) it is provided that no policy shall be declared forfeited or lapsed for nonpayment of premiums unless notice shall be given of the time when the payment is due, and that unless paid on that date the policy will lapse. An installment of premium became due March 5th, and the company sent the insured a notice stating that, unless it was paid "by or before that day," his policy, by its terms, would become forfeited and void. *Held*, that such notice was not in conformity to the contract,

---

¶ 1. See Insurance, vol. 28, Cent. Dig. § 295.

which gave the insured 30 days thereafter within which to pay, before a forfeiture, and, under the statute as construed by the courts of the state, the contract remained in force notwithstanding the failure of the insured to pay the premium.

In Error to the Circuit Court of the United States for the District of Indiana.

Louis Newberger and Philip W. Frey, for plaintiff in error.

Albert J. Beveridge, L. A. Whitcomb, and G. K. Denton, for defendant in error.

Before JENKINS and GROSSCUP, Circuit Judges, and BUNN, District Judge.

BUNN, District Judge. This is an action to recover upon a policy of life insurance. A jury was waived in the trial court, and the cause tried by the court, who made the following finding of facts and conclusions of law:

(1) On March 5, 1896, the defendant, the Nederland Life Insurance Company, Limited, issued its policy of insurance for five thousand dollars to William Meinert, payable upon his death to his wife, Mary Meinert, the plaintiff herein, a true and correct copy of which said policy of insurance is filed with the complaint, and is made a part thereof, under and pursuant to the statutes of the state of Indiana.

(2) The court further finds that four (4) quarterly installments of premium, of $25.25 each, were duly paid by the assured on or before the 5th days of March, June, September, and December in the year 1896, and that no other installments of premium on said policy were ever paid.

(3) The court further finds that article 2 on the back of the policy, which by an express provision contained in the body of the policy is made a part of the contract of insurance, provides as follows: "In case of nonpayment of any annual premium or installment thereof within thirty days after the same shall fall due, this policy shall be null and void, subject however, to provisions as to cash surrender and paid-up policy values. The company will, however, as a matter of favor and not of right, mail notice to the insured or the assignee at the last address furnished by him or them to the company, to the effect that the policy may be re-established by the payment of the annual premium or installment thereof still due, within ten days after mailing notice."

(4) The application for insurance expressly declares and provides that the contract of insurance contained in the policy and in the application shall be governed by the laws of the state of New York relating to life insurance.

(5) The assured, William Meinert, died on March 24, 1900, and the proofs of death loss as required by the said policy of insurance were waived by the defendant.

(6) At the time said William Meinert took out said policy of insurance, and from that time to the time of his death, he was a resident of Evansville, Indiana, and his post-office address was 217 Law avenue, Evansville, Indiana.

(7) On February 15, 1897, the defendant mailed at Chicago, Illinois, the following notice, inclosed in an envelope, and duly stamped and properly addressed, to William Meinert, 217 Law avenue, Evansville, Indiana:

"Nederland Life Insurance Co. (Ld)

"Established in Amsterdam (Holland), 1858.

"United States Branch:

"874 Broadway, New York City.

"Pursuant to Chapter 690 of the Insurance Law of 1892 of the State of New York you are hereby notified that the quarterly premium of $25.25 on Policy No. 58,021 will fall due on the 5th day of March, 1897, if the policy be then in force. The conditions of your policy provide that unless such premium shall

be paid at the United States Branch Office of the Company or to a person authorized to collect such premium holding the Company's receipt therefor, by or before that date, the policy and all payments thereon will be forfeited and void, except as to the right to a cash surrender value or paid-up policy.

"L. I. Du Bourcq,
"President U. S. Branch.

"If payment is made to the Company direct it can be done by valid draft, check, postal or express money order made out to the order of the United States Branch of the Nederland Life Insurance Co. (Ld.)

"Attention.

"No payment of premium made to any person except in exchange for the official receipt signed by two executive officers of the United States Branch of the Company, can be recognized.

"Please return this notice when you send remittance to the Branch Office or to the person authorized to collect premiums.

"If this notice was not properly addressed, give changed address.

No.......Street.................... Name Post Office....................
County of......................... State of.............................
Name ......................................................................"

—Which said notice was duly received by William Meinert on February 16th, 1897, more than fifteen and less than forty-five days prior to March 5th, 1897, and neither said Meinert, nor any one on his behalf, ever paid said installment of premium on March 5th, 1897, or at any time thereafter.

(8) The court further finds that on Saturday, April 3, 1897, the Nederland Life Insurance Company, Limited, duly sent by mail from Chicago, Illinois, to the assured, William Meinert, a notice in the words and figures following:

"Nederland Life Insurance Co., Limited.

"Established 1858, Amsterdam, Holland.

"United States Branch, 874 Broadway New York.

"New York, April 3rd, 1897.

"William Meinert, 217 Law Ave., Evansville, Ind.—Dear Sir: The premium on your policy which fell due on the 5th March has not been paid and the policy is therefore null and void. I beg to inform you, however, that if the same is paid within ten days your policy will be reinstated.

"L. I. Du Bourcq, President.

"Policy No. 58,021."

—Which said notice was received by William Meinert in due course of mail at or about eight o'clock a. m. on Monday, April 5, 1897; and said Meinert never acknowledged the receipt of said notice, and never took any steps to have said policy reinstated.

(9) The court finds that on April 22, 1897, the Nederland Life Insurance Company, Limited, entered on the appropriate records of its office a declaration that said policy number 58,021 was forfeited and lapsed for failure to pay installment of premium.

(10) The court finds that said policy was at the time of bringing this action, and still is, in full force, and that the plaintiff is entitled to recover the amount of said policy, unless, on the facts found herein, said policy was forfeited and lapsed under and pursuant to the above-mentioned statute of the state of New York.

(11) The court finds that the amount now due and owing on said policy amounts to the sum of four thousand nine hundred and eighty-five dollars and five cents ($4,985.05).

The court states as conclusions of law on the facts found as aforesaid:

(1) That the policy sued on is now, and was at the beginning of this action, in full force and effect.

(2) That said policy has not been forfeited, nor has it lapsed under and pursuant to the provisions of chapter 690 of the insurance law of 1892 of the state of New York.

(3) That the plaintiff, Mary Meinert, is entitled to recover of and from the defendant, the Nederland Life Insurance Company, Limited, the sum of four

thousand nine hundred eighty-five dollars and five cents ($4,985.05) with six per cent. interest thereon from this date, and costs of suit, and is entitled to have judgment entered accordingly.

We think the conclusions of law fully sustained by the finding of facts, and that the judgment must be affirmed. It is clear from the finding of facts and the express terms of the policy that the contract of insurance was to be governed by the laws of the state of New York; and, under those laws, it is equally clear that the policy was never forfeited, but was still in force at the commencement of the action, as found by the court. Counsel for the plaintiff in error claims that the stipulations in the contract are too vague to subject the contract to the laws of New York. But the provision of the application is that the contract of insurance contained in the policy and in this application shall be governed by the laws of the state of New York, the place of said contract to be the principal office "in the United States of said Company in the State of New York." This is the company's own language, and the import is · unmistakable. Penn Mutual Life Insurance Company v. Mechanics' Savings Bank & Trust Company, 72 Fed. 413, 19 C. C. A. 286, 38 L. R. A. 33, 70. Its principal office in this country was in New York City, where all premiums were to be paid. It was the privilege, as it was evidently the policy, of the company to have all its contracts of insurance, wherever made, governed by one and the same law. There are many other provisions in the policy relating to the conduct of the business, all of which go to show that it was the understanding of the parties that the business should be done at its branch office in New York, and subject to the laws of that state. The provision that "notice is hereby given that the provisions of section 88 of the Insurance Law of 1892 of the State of New York are waived by the provisions and requirements, referring to the policy," is very significant. There would be no occasion for the company to put in such a provision as that if the laws of New York generally were not to govern the contract.

All of these provisions in the policy forming part of the contract of insurance go to show that the intent of the parties was to make the contract subject to the laws of New York, the same as though made and executed in that state. That this was the understanding of the plaintiff in error is clear from the character of the notice which it sent of the accrual of the premium, beginning as follows: "Pursuant to Chapter 690 of the Insurance Law of 1892 of the State of New York, you are hereby notified," etc.

It only remains to inquire whether, under the laws of New York, the policy has been forfeited. It has not been forfeited unless it is by virtue of the express provision in the policy providing for forfeiture. Without a clause providing for a forfeiture, the policy is not forfeited for nonpayment of the premium, any more than a land contract is forfeited by nonpayment of principal or interest when due. The rule is laid down in 19 Am. & Eng. Enc. of Law (2d Ed.) 44, as follows:

"Since forfeitures are odious in the eyes of the law, a default in the payment of a premium on life insurance does not forfeit the policy where there is no stipulation to that effect in the policy."

This is the well-settled rule. The reason why forfeitures are odious in the eyes of the law, and are said to be abhorred, is that they are not equitable. Nevertheless, if a policy of insurance provides in express terms for a forfeiture for nonpayment of the premium when due, the law will enforce it. But before the court will declare a forfeiture, the conditions of the policy upon which the forfeiture is founded must be strictly complied with. And this brings us to the only remaining question in the case—whether the provisions of the policy in regard to notice of forfeiture have been complied with by the company. This provision is inserted for the benefit of the company. It is the company's language, and it cannot complain if the court, as it will, place a strict construction upon it, to save a forfeiture if possible. If the company has given the notice provided in the contract, then the forfeiture will hold; otherwise not. Phelan v. Northwestern Mutual, etc., 113 N. Y. 147, 20 N. E. 827, 10 Am. St. Rep. 441; Schad v. Security Mutual, etc. (Sup.) 42 N. Y. Supp. 314; Id., 155 N. Y. 640, 49 N. E. 1104; New York Life Insurance Company v. Dingley, 93 Fed. 153, 35 C. C. A. 245; Born v. Home Insurance Co. (Iowa) 81 N. W. 676, 80 Am. St. Rep. 300; Smith v. Continental Insurance Company (Iowa) 79 N. W. 126; Provident Savings Life v. Nixon, 73 Fed. 144, 19 C. C. A. 414; Equitable Life v. Nixon, 81 Fed. 796, 26 C. C. A. 620; Hicks v. National Life Ins. Co., 60 Fed. 690, 9 C. C. A. 215.

Under these authorities, it seems clear that the notice given in this case was not a substantial compliance with the terms of the policy. Under those terms, the premium for nonpayment of which, it is claimed, the policy was forfeited, became due on the 5th day of March, 1897. The condition on the back of the policy provided that "in case of nonpayment of any premium within thirty days after the same shall become due, this policy shall be null and void." The notice given to the insured by the company was as follows:

"Pursuant to chapter 690 of the Insurance Law of 1892, of the State of New York, you are hereby notified that the quarterly premium of $25.25 on policy No. 58,021 will fall due on the 5th of March, 1897, if the policy be then in force. The conditions of your policy provide that unless such premium shall be paid at the United States Branch office of the Company, or to a person authorized to collect such premium, holding the company's receipt therefor, by or before that date, the policy and all payments thereon will be forfeited and void, except as to the right to a cash surrender value or paid-up policy.

"L. I. Du Boureq,
"Pres. U. S. Branch."

This notice is evidently far from being a compliance with the contract, and is furthermore quite misleading. The insured is notified that his premium is due the 5th day of March, and, unless he pays it "by or before that day," his policy will be forfeited and void, whereas, by the terms of the policy, he has 30 days after March 5th in which to pay it. The case of Phelan v. Northwestern Mutual, 113 N. Y. 147, 20 N. E. 827, 10 Am. St. Rep. 441, is quite decisive of this question. The defect in the notice given in the case at bar is much more serious than the one given in that case. The case of Schad v. Security Mutual (Sup.) 42 N. Y. Supp. 314, affirmed in 155 N. Y. 640, 49 N. E. 1104, is equally in point, and decisive of the law in New York. See, also, Life Ins. Co. v. Dingley, 93 Fed. 153, 35 C. C. A. 245, decided by the

United States Circuit Court of Appeals for the Ninth Circuit, which was also a case under the New York Statute.

Judgment affirmed.