Michalina Rybczymski, Plaintiff, *v.* Chicago Fraternal Life Association, Defendant.

Supreme Court, Erie County, January 19, 1928.

**Insurance — life insurance — fraternal benefit association — action to recover on benefit certificate — defendant issued certificate dated January 1, 1926, and accepted one year's premium in advance on January 27, 1926 — said certificate was never delivered and upon insured's request defendant issued another certificate which was accepted by deceased bearing date of February 3, 1926 — later certificate is controlling — beneficiary is entitled to recover.**

This is an action by the beneficiary upon a benefit certificate in her favor issued by the defendant fraternal life association to recover the proceeds of said certificate. It appears that deceased paid one year's premium in advance on January 27, 1926, and defendant issued its certificate antedating it as of January 1, 1926. The proof failed to show the delivery of this certificate, and it further appears that defendant subsequently issued the certificate sued upon which was delivered and accepted by deceased, bearing date February 3, 1926. The certificate provided that if a member elected to pay an annual premium, the subsequent payments must be made on or before the last day of the .

calendar month in which the certificate was issued. Decedent, on February 2, 1927, tendered a check for the second annual premium, but defendant returned it on the ground that the certificate had become forfeited for failure . to pay that premium within the time required.

Since the original certificate was neither delivered to nor accepted by the deceased, the certificate bearing date of February 3, 1926, is the controlling certificate, and, under its terms, deceased had until the last day of February, 1927, for payment of the second annual premium before forfeiture. Therefore, said certificate was in force and effect on February 16, 1927, when insured died, and, consequently, the beneficiary is entitled to recover on the certificate.

Action by plaintiff as beneficiary upon a benefit certificate issued by the defendant fraternal life association.

*Ward, Flynn, Spring & Tillou* [*Julius A. Schreiber* of counsel], for the plaintiff.

*John H. Clogston,* for the defendant.

Hinkley, J.   On January 5, 1926, deceased applied for membership in defendant association. On January 15, 1926, the defendant approved of his physical condition. On January 27, 1926, he paid one year's premium in advance. The defendant issued a benefit certificate and antedated it as of January 1, 1926.

No proof was offered as to whether or not that benefit certificate was ever delivered. The printed indorsement of acceptance on that benefit certificate was not signed by the deceased. There appears upon that benefit certificate the usual signed request of the insured for a change of beneficiary.

Defendant thereupon issued the benefit certificate sued upon herein, which was duly delivered and accepted by the deceased, and is dated February 3, 1926. On February 5, 1927, defendant received a check dated February 2, 1927, for the second annual premium, which check was returned by the defendant February 9, 1927. The defendant claims that the benefit certificate had become forfeited for failure to pay that premium within the time required. The insured died February 16, 1927.

The trial of this action presented no disputed questions of fact and only one question of law, to wit, had the benefit certificate, the basis of this action, become forfeited on February 1, 1927, for non-payment of the second annual premium prior to that date?

The position of the defendant society in the defense of this action is not one which appeals to the court. Although admitted upon the trial, there is grave doubt in the mind of the court whether the defendant is a fraternal benefit society within the definition of section 230 of the Insurance Law (added by Laws of 1911, chap.

198).  The unchallenged statement of counsel for the plaintiff that there are no branches of the defendant society functioning in this community is borne out by the fact that, so far as the evidence discloses, the deceased was never *initiated* into the society.

The advantages which the laws of this State accord to fraternal benefit societies are yielded upon the theory of a representative government by and a genuine bond of fraternity among the members of such societies.  Unless the subordinate branches function, one member would not know where to even find the name of the brother whose distress he has sworn to relieve.  There can, under those circumstances, be no representative government and absolutely no fraternal relations among the members.

Whatever the motive of the defendant in selling this benefit certificate and in contesting its payment, the defendant concededly has avoided in this instance conforming to the provisions of sections 58 and 92 of the Insurance Law.  The deceased died in a municipally operated hospital.  The solemn obligation of the thousands of members of the defendant seems hollow indeed.  Represented by the defendant, which has taken the money of a now deceased member, these brothers, acting through the defendant, resist the payment of the relief to his distressed mother, which is her due, both legally and morally.  Had this not been a benefit certificate of a fraternal benefit society, the insurer would have had to conform to section 92 of the Insurance Law.  Then the paternity of the State would have made certain the relief of the distressed family of the deceased member.  That paternity would have been of far more practical value than the professed fraternity of the defendant.

The plaintiff brings this action upon and presents a benefit certificate in her favor, issued by the defendant association and dated February 3, 1926.  The evidence is undisputed that the deceased paid an annual premium on January 27, 1926.

The benefit certificate provides:

" If the member elects to pay quarterly, semi-annually or annually, such payments shall be due on the first day of the calendar month of the quarterly, semi-annual or annual period and must be paid on or before the last day of said month."

The benefit certificate further provides:

" Should the member refuse or fail to make any periodical payment at the time stipulated for such payment on *this* benefit certificate, such failure or refusal shall work a forfeiture and render null and void *this* benefit certificate."

There is no time stipulated for such payment in the benefit certificate save as its date of February 3, 1926, be taken in connection with the clause requiring quarterly, semi-annual and

annual payments to be due on the first day of the calendar month of the quarterly, semi-annual or annual period, and must be paid on or before the last day of said month. That would at least give the month of February, 1927, for the payment of the second annual premium before forfeiture. The insured died February 16, 1927, within the calendar month of the expiration of the one-year period of the policy. Irrespective of whether the deceased had tendered a second annual premium on February 2, 1927, the benefit certificate was in force at his death. The fact that deceased was ill in the City Hospital on February 1, 1927, is, therefore, immaterial. Nor were his rights affected by his application for reinstatement in accordance with the suggestion contained in defendant's letter of February 9, 1927.

The defendant association has not met the burden required of it, in order to claim forfeiture for non-payment of premium.

The defendant presents a benefit certificate dated January 1, 1926, and claims that the date of that certificate determines the right of the defendant to claim forfeiture of the other benefit certificate dated February 3, 1926, upon which this action is brought.

The old benefit certificate was neither delivered to nor accepted by the deceased, so far as the evidence discloses. It was not in any way made a part of the benefit certificate herein. No reference is made to the old benefit certificate in the benefit certificate upon which this action is brought, save the following words, affixed by a rubber stamp and typewriter: " All surrender values and paid-up provisions of this certificate are governed by its original date of issue, January 1, 1926." No reference is made in those words to the payment of premiums or the forfeiture clause. The words themselves are inconsistent, as there could not be two benefit certificates in existence. Section 230 of the constitution and laws of the defendant provides: " The issuing of a new benefit certificate in exchange for another one, in accordance with the laws of the Society, shall cancel and render null and void any and all certificates previously issued to a member."

Section 242 of the constitution and laws of the defendant provides: " No person shall become a beneficial member of, be reinstated in, or be entitled to any rights and privileges in the Society until his medical examination shall have been submitted to the Medical Board and its approval endorsed thereon." Under that section deceased did not become a member until January 15, 1926.

The benefit certificate provides: " XVI — When liability begins.— This benefit certificate shall not be valid unless delivered to the applicant within ninety (90) days from the date of the physician's examination, nor until one required payment has been made by

the applicant in person and accepted by an authorized officer of the Society, and during the applicant's good health."

As deceased's first payment was made January 27, 1926, no liability attached to the defendant prior to that date, and no contract was in force prior to that date.

The defendant relies upon section 200 of the constitution and laws, which is as follows: " Each applicant on presenting himself to be initiated shall sign the obligation of the Society, pay his branch dues for the current month and the amount of one monthly, quarterly, semi-annual or annual payment according to his rate. In the event that *the initiation* of the applicant shall occur on or before the fifteenth day of the month, payment shall be paid as his payment for the current month and, in the event that such initiation shall occur after the fifteenth day of the month, such payment shall be for the month next following."

The defendant claims that as the obligation contained in the application of deceased for membership is dated January 5, 1926, therefore, the deceased was initiated upon that day. The weakness in that position lies in the fact that the taking of the obligation and the initiation are two separate and distinct events. The obligation refers to the initiation as something in addition to the obligation, and there is no proof that the deceased was ever initiated.

Taking the claim of the defendant at its face, the most that can be said is that the words of the benefit certificate are of doubtful meaning and susceptible of two fair interpretations. In that event, the duty of the court to uphold the benefit certificate is clear.

" No other meaning can be given to the language used, than a most rigid and literal interpretation permits, and as the condition is a limitation of liability, it cannot be extended by interpretation so as to include a case not clearly within the words. * * * So if the words are of doubtful meaning, or susceptible of two fair interpretations, they should be construed to uphold rather than avoid the policy." (*Griffey* v. *New York Cent. Ins. Co.,* 100 N. Y. 417, 421.)

" If a policy is so drawn as to require interpretation, and to be fairly susceptible of two different constructions, the one will be adopted that is most favorable to the insured. This rule, recognized in all the authorities, is a just one, because those instruments are drawn by the company." (*Thompson* v. *Phenix Ins. Co.,* 136 U. S. 287, 297; *Nederland Life Ins. Co.* v. *Meinert,* 127 Fed. 651.)

" Undoubtedly, on payment of the initial premium on a life insurance policy, there is a contract for insurance for the whole life of the insured, and the insurance company's right to terminate such contract for non-payment of premiums is a forfeiture. Such

forfeitures are not favored in the law." (*State Life Ins. Co.* v. *Murray,* 159 Fed. 408, 410.)

Defendant's claim would require the insured to pay for insurance which he never received, for his right to protection did not accrue until his first annual payment, January 27, 1926.

" The construction which the plaintiff in error contends for would require the assured   *   *   *   to pay a premium for insurance which he never received." (*Prudential Ins. Co. of America* v. *Stewart,* 237 Fed. 70, 72.)

By the construction claimed by the defendant, the time for paying the premiums was fixed at least five days before deceased applied for insurance; fifteen days before his final examination was approved; twenty-seven days before his first payment, and thirty-four days before the date of the benefit certificate upon which the premium was to be paid.   On the contrary, by a proper construction of the benefit certificate, the deceased, by his payment on January 27, 1926, of an annual premium, gave him insurance which remained in effect at the time of his death.

Judgment may be entered in favor of plaintiff for the amount demanded in the complaint, with interest and costs.