## HICKS et al. v. NATIONAL LIFE INS. CO.

### (Circuit Court of Appeals, Second Circuit. February 27, 1894.)

### No. 70.

1. INSURANCE—CONTRACT—WHAT LAW GOVERNS.
    A Vermont corporation did business as a life insurance company in the state of New York, having an office and an agent in New York city. A resident of New Jersey effected insurance in such company by delivering, through his agent, an application to its general agent in New York, and receiving the policy there from such general agent. *Held*, that the contract of insurance was a New York contract, and subject to the laws of that state as to forfeiture for nonpayment of premiums.

2. SAME—FORFEITURE—NONPAYMENT OF PREMIUMS—NOTICE—TIME.
    Laws N. Y. 1877, c. 321, prohibits the forfeiture of life insurance policies for nonpayment of the premiums when they fall due, unless the insurer shall mail to the assured a notice of the amount of the premium due, with other particulars, in which case the policy shall be void for failure to pay within 30 days after the notice is mailed, with a proviso that the insurer may serve such a notice on the assured "at least thirty days prior to the day when the premium is payable," in which case default on that day will avoid the policy, according to its conditions. On November 2, 1891, an insurer mailed to one of its policy holders a notice that his premium would be due December 2, 1891, and that nonpayment on that day would avoid his policy. *Held*, that the notice was ineffectual, for the day of mailing is to be excluded, in the computation of time, and hence it was not mailed 30 days prior to the day when the premium fell due.

3. SAME—SURRENDER OF POLICY.
    An insurance policy had been pledged as collateral security for a loan. After the death of the assured, his executors tendered to the creditor the amount of the loan, with interest, and demanded the policy. He refused to deliver it up, and the insurer, with full knowledge of these facts, procured a surrender of the policy from the creditor to itself. *Held*, that the tender extinguished the creditor's title to the policy; and, as the insurer acquired by the surrender no greater rights than he had, it is liable to an action at law on the policy by the representatives of the assured.

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Horace L. Hicks and Henry W. Taft, executors of Walter Rae, against the National Life Insurance Company. The trial court directed a verdict for defendant, and the plaintiffs bring error.

The plaintiffs in error were the plaintiffs in the court below, and brought the action to recover the amount of 10 endowment bonds, in substance policies of insurance, for $1,000 each, issued by the defendant March 2, 1888, payable at the expiration of 20 years to Walter Rae, or, in case of his death before that time, to his legal representatives, in 60 days after presentation of satisfactory proofs of his death. Rae died December 10, 1891. Proofs of his death were duly served upon the defendant, and the 60 days having expired, and payment been refused by the defendant, the suit was brought. It was alleged in defense that the policies had become forfeited and void, according to their conditions, by reason of the nonpayment of installments of annual premiums which became due and payable upon the 2d day of December, 1891. Evidence was introduced by the plaintiffs upon the trial for the purpose of showing that there had been a course of previous dealings between the defendant and the assured which amounted to a waiver of strict performance of the condition, and authorized the assured to suppose that payment of the premiums within a reasonable time after the day of payment would be satisfactory to the defendant. The plaintiffs also insisted that there was not a forfeiture of the policies, because the defendant had not complied with a statute of this state enacted in 1877, which declares that no life insurance company doing business in the state of New York shall have power to forfeit any policy thereafter issued, by reason of nonpayment of any annual premium or interest, or any part thereof, except as follows: "Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known post-office address, postage paid, by the company, or by an agent of such company, or person appointed by it, to collect such premium. Such notice shall further state that unless the said premium or interest then due shall be paid to the company, or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when a premium will fall due, and that, if not paid, the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty, and not more than sixty days, prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for." At the time of issuing the policies, and from thence until after the death of the assured, the defendant was doing business as a life insurance company in this state, and had an agent and an office at the city of New York. The assured was a resident of New Jersey, and effected the insurance by delivering through his agent an application at New York city to the general agent of the defendant, and receiving the policies there from the general agent. On the 2d day of November, 1891, the agent of the defendant mailed at New York city a notice properly addressed to the assured at his place of residence, which was as follows:

"You are hereby notified that a premium of $116 will fall due December 2nd, 1891, on contract No. 31756/60 & 31803/7 issued by the National Life Insurance Company of Montpelier, Vt., provided all previous premiums have been paid and said contract is otherwise in force, and that, unless the premium is paid when due, the policy, and all payments thereon, will become forfeited and void. This notice will not affect the provisions in said contract for 'cash surrender value,' 'extended' or 'paid-up' insurance. This premium is payable at the home office, but, for

the convenience of the assured, payment may be made, on or before the day when due, by currency, draft, check, or post-office order, to

"Joseph Wells, General Agent,
"151 Broadway, New York."

It also appeared upon the trial that, at the time of the death of the assured, one Wells held the policies by an assignment made to him in July, 1891, as collateral security for a loan made by him at that time to the assured. After the death of the assured, his executors tendered to Wells the amount due upon this loan, and tendered to the defendant the amount due it for unpaid premiums upon the policies. Wells, however, refused to accept the tender, and, for a consideration paid to him by the defendant, surrendered the policies to the defendant. The defendant knew at the time that the plaintiffs had tendered to Wells the amount due on the loan. At the close of the evidence the trial judge directed the jury to render a verdict for the defendant, and granted the plaintiffs an exception. Error is assigned of this ruling.

Raphael J. Moses, Jr., for plaintiffs in error.

I. Newton Williams, for defendant in error.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit JUDGE, after stating the facts as above, delivered the opinion of the court.

We do not deem it necessary to consider the question whether the evidence respecting the prior course of dealings between the assured and the insurer was sufficient to authorize a finding by the jury that strict performance of the condition for the payment of the premiums had been waived. We think the statutory conditions had not been fulfilled which were an indispensable preliminary to the right of the defendant to treat the policies as forfeited; and, this being so, the plaintiffs were entitled to enforce the policies, whether there had or had not been a waiver.

If any authority were needed for the proposition that a policy applied for in New York, delivered there, and the premiums paid there, is a New York contract, notwithstanding it is signed and issued by the insurer in another state, the reference is supplied by the case of Assurance Soc. v. Clements, 140 U. S. 226, 11 Sup. Ct. 822. The delivery of the policies in the present case was made in New York city to an agent of the assured, and, in legal effect, was as if the assured had been personally present, and received them. Then, and not before, the policies took effect.

The policies, being New York contracts, were, of course, dominated by the statute respecting forfeitures, as completely as though the statutory conditions had been explicitly incorporated in them. The adjudications of the highest court of the state treat it as one which must be strictly interpreted in favor of the assured, and hold that the defense of a forfeiture through nonpayment of premium is not availing to an insurance company, if there has been any departure on its part from the provisions of the statute in regard to notice. Carter v. Insurance Co., 110 N. Y. 15, 17 N. E. 396; Phelan v. Insurance Co., 113 N. Y. 147, 20 N. E. 827; Baxter v. Insurance Co., 119 N. Y. 450, 23 N. E. 1048; McDougall v. Assurance Soc., 135 N. Y. 551, 32 N. E. 251; De Frece v. Insurance Co., 136 N. Y. 144, 32 N. E. 556. The stat-

ute declares, in substance, that no policy shall be forfeited for default in the payment of premium until a notice shall have been served by mail upon the assured, calling his attention to the day when a payment has fallen or will fall due, and to the consequences of a default. The notice must state that, unless the premium shall be paid within 30 days after the mailing of the notice, the policy will become void. The intention is obvious, from the language, that the person insured shall have 30 days within which to make payment and save forfeiture after the mailing of the notice. The policy cannot be forfeited "until the expiration of thirty days after the mailing of such notice." The proviso authorizing an advance notice to be given is not intended to curtail the privilege of the assured, but gives the insurance company the option of serving the notice with the same effect as though served subsequently to a default; but it provides that this notice shall be served at least 30, and not more than 60, days prior to the day when the premium is payable.

The notice in the present case, having been given before the time when the premium was payable by the contract, should have been served at least 30 days prior to the 2d day of December. If, according to the meaning of the statute, the mailing of that notice upon the 2d day of November was not a notice of at least 30 days, the notice was insufficient. It has always been the rule in New York, in applying statutes in which a computation of time is to be made from the day on which an act is to be done, to exclude the day. Thus, in Small v. Edrick, 5 Wend. 137, the statute was that a notice should be served "at least fourteen days before the first day of the court," and the notice was served on the 9th day of November, the 23d day of the same month being the first day of the court; and it was held that this was a notice of only 13 days. "When the period allowed for doing an act," says Mr. Chief Justice Bronson, "is to be reckoned from the making of the contract or the happening of any other event, the day on which the event happened may be regarded as an entirety, or a point of time, and so be excluded from the computation." Cornell v. Moulton, 3 Denio, 16. The principle of computation is thus expressed in Sheets v. Selden's Lessee, 2 Wall. 177.

"The general current of the modern authorities upon the interpretation of contracts, and also of statutes, where time is to be computed from a particular day or a particular event, as when an act is to be performed within a specified period from or after a day named, is to exclude the day thus designated, and to include the last day of the specified period."

Excluding, as must be done according to the authorities, the day of mailing in the computation in the present case the notice was served by the defendant 29 days, and not "at least thirty," prior to the time when it should have been in order to effectuate the forfeiture. The defendant is in no better position than it would be if no notice had been mailed.

It is insisted for the defendant in error that the trial judge should have directed a verdict for the defendant because, the

policies having been pledged to Wells and by him surrendered to the defendant, the plaintiffs could not maintain an action at law for the moneys due upon them. There is no merit in this position. Upon the tender to Wells of the amount due him upon the loan for which he held the policies as collateral his title was extinguished and immediately vested in the plaintiffs, and he would have been liable for the value of the policies in an action of conversion. The defendant acquired no better rights by obtaining a surrender from him, with knowledge of the facts, than he himself had. Talty v. Trust Co., 93 U. S. 321. The judgment is reversed.