MUTUAL LIFE INS. CO. OF NEW YORK v. HILL et al.

(Circuit Court of Appeals, Ninth Circuit. October 2, 1899.)

No. 518.

1. LIFE INSURANCE—PLACE OF CONTRACT.
  Where an insurance company in the state of New York issued a policy upon an application made at, and forwarded from, the company's office in the state of Washington, and proof of death and payment thereunder were to be made to and by the New York office, the policy is a New York contract.

2. SAME—FORFEITURE OF POLICY—NONPAYMENT OF PREMIUMS—WAIVER OF STATUTORY REQUIREMENTS.
  Laws N. Y. 1877, c. 321, § 1, providing that no insurance company shall declare a policy forfeited for nonpayment of premiums without having first given the assured 30 days' notice that the premiums were due, and that the policy would be forfeited if they were not paid, is mandatory, and cannot be waived by either or both the parties.

3. SAME—PLEADING.
  In an action on a policy of insurance on which no premiums had been paid for several years, and the policy states that it is forfeited on failure by assured to pay premiums when due, but there is a statute providing that the company shall not declare a policy so forfeited unless it has

given the assured certain notice, it is not a departure for plaintiff to plead the contract of insurance and a compliance therewith, and depend upon the statute.

**4. SAME—JUDICIAL NOTICE.**

    The United States courts take judicial notice of the statutes of the several states.

**5. SAME—ESTOPPEL.**

    Plaintiff is entitled to recover on a contract of insurance made in New York, on which the premiums had not been paid for several years, and the contract provided that the policy was forfeited on the failure to pay premiums when due, where the insurance company had not complied with Laws N. Y. 1877, c. 321, § 1, providing that no insurance company could declare a policy forfeited for nonpayment of premiums without giving assured certain notice; and it is immaterial that the plaintiff has not paid or offered to pay the premiums due.

**6. SAME.**

    Since Laws N. Y. 1877, c. 321, § 1, providing that no insurance company shall declare a policy forfeited by nonpayment of premiums without having given the assured certain notice, is mandatory, and cannot be waived by either party, the beneficiaries under a policy are not estopped from claiming payment by an attempted waiver of the statute by the assured.

In Error to the Circuit Court of the United States for the Northern Division of the District of Washington.

This action was brought by the children of George Dana Hill, in their own name where of age, and by their guardian where under age, to recover the amount of a policy of insurance upon the life of their deceased father. The amended complaint alleged that on April 29, 1886, in consideration of the sum of $814 paid by George Dana Hill, the insurance company (plaintiff in error herein) made and delivered to him, in the city of New York, a policy upon his life; the insurance to be paid to his wife, if living at his death, or, in case of her death before that time, to their children. This policy of insurance is set forth in the complaint, and reads as follows: "In consideration of the application for this policy, which is hereby made a part of this contract, the Mutual Life Insurance Company of New York promises to pay at its home office, in the city of New York, unto Ellen Kellogg Hill, wife of George Dana Hill, of Seattle, in the county of King, Washington territory, for her sole use, if living, in conformity with the statute, and, if not living, to such of the children of their bodies as shall be living at the death of the said wife, or to their guardian, for their use, twenty thousand dollars ($20,000), upon acceptance of satisfactory proofs at its said office of the death of the said George Dana Hill during the continuance of this policy, upon the following condition, and subject to the provisions, requirements, and benefits stated on the back of this policy, which are hereby referred to and made part hereof. The annual premium of eight hundred and fourteen dollars ($814) shall be paid in advance on the delivery of this policy, and thereafter to the company, at its home office, in the city of New York, on the twenty-ninth day of April in every year during the continuance of this contract. * * *". Upon the back of this policy are provisions to the effect that, while the payments are due and payable at the home office, they will be accepted elsewhere, when made in exchange for the company's properly signed receipt, that notice that each and every such payment is due at the date named in the policy is given and accepted by the delivery and acceptance of this policy, and that any further notice required by any statute is expressly waived. It is alleged in the complaint that the application for insurance contained the following agreement: "It is agreed that there shall be no contract of insurance until a policy shall have been delivered and issued by said company, and the first premium thereon paid, while the person proposed for insurance is in the same condition of health described in this application." It is further alleged in the complaint: "That on the 23d day of December, 1890, the defendant was notified of the death of said George Dana Hill, and requested to furnish plaintiffs necessary blanks, in

order that plaintiffs might furnish proofs of death as required by the rules and regulations of defendant company; that on the 3d day of February, 1891, said defendant, in reply thereto, informed and declared to said plaintiffs that said contract or policy of insurance above set forth had been forfeited by the nonpayment of a premium; that said defendant thereby waived the right to claim any other, or any, proofs of the death of said George Dana Hill; that said George Dana Hill during his lifetime duly performed all the conditions of said contract necessary by him to be performed; that the defendant has wholly failed to pay to plaintiffs said policy of insurance, or said sum of twenty thousand dollars ($20,000), or any part thereof."

The answer to the amended complaint admits the issuance of the policy, but denies that it was delivered in the city of New York, or any place outside of the state of Washington. It denies all allegations of performance of the conditions of the contract on the part of the insured. Three affirmative defenses are pleaded to the amended complaint. The first alleges that the insurance company was transacting its business, at the time the policy was issued, in the state of Washington, having its principal office at Seattle, in said state; that it had complied with the laws of the state relative to foreign corporations transacting business in it; that, before the time of and subsequent to the taking out of the insurance, George Dana Hill was a citizen and resident of the territory and state of Washington; that at Seattle he made his application for the insurance; that this application was transmitted to the agent of the insurance company at San Francisco, and by him to the insurance company in the city of New York; that the insurance company, pursuant to the application, made the policy mentioned in the amended complaint, and sent it to the agent at San Francisco, who afterwards transmitted it to the agent in Seattle, and that there the first premium was paid, and the policy delivered to the insured; that there became due on the policy April 29, 1887, a premium of $814, which has never been paid, but both the insured and the beneficiary refused to make payment of any part of it, and from that time forth until the death of the insured nothing whatever had been paid on account of any of the premiums; that the policy became void upon such default and refusal. The second affirmative defense alleged that at a time more than one year from the time of the issuance of the policy mentioned in the complaint, and during the lifetime of the said George Dana Hill, it was mutually agreed between the defendant and the said George Dana Hill that the said contract of insurance should be waived, abandoned, and rescinded, and the said George Dana Hill and the defendant then by mutual consent waived, abandoned, and rescinded the same accordingly, and all their mutual rights and obligations therein and thereunder. The third affirmative defense, after stating the provisions of the contract, alleged that the plaintiffs and each of them should be and are estopped from and should not be permitted to allege or prove that defendant did not mail, or cause to be mailed, or otherwise give to said George Dana Hill, a notice stating the amount of premium due on said policy on April 29, 1887, or at any other time, with the place where the same should be paid, the person to whom the same is payable, and stating that, unless the premium then due should be paid to the company or its agents within 30 days after the mailing of such notice, the policy and all payments made thereon should become forfeited, or any other notice prescribed by any statute or statutes of the state of New York, or any other notice than that hereinafter mentioned, for that shortly prior to and after and on said 29th day of April, 1887, said defendant, in writing, and also personally, notified and informed the said George Dana Hill, at said city of Seattle, that the premium of $814 necessary to be paid on said policy for the continuance of this policy of insurance was due and payable; that said defendant duly demanded payment of said premium in said sum, and at the same time and place tendered the receipt of the defendant therefor, duly signed by its president and secretary; that the said Hill, being fully so informed and advised in the premises, refused to make payment of this premium, or any part thereof, and then and there, intending and for the purpose of inducing the defendant to rely upon the same, informed the defendant that he, the said George Dana Hill, was unable to pay such premium, and did not intend to make payment thereof, or of any premium thereafter to accrue on said policy of in-

surance, but, on the contrary, he intended to allow the said policy to lapse and become forfeited for want of payment of said premium, or any future premium accruing on said policy; that the said defendant, then and there and ever since relying upon the said representation and conduct on part of the said George Dana Hill, was thereby induced to, and did, declare the said policy and contract of insurance forfeited and abandoned; and that, in good faith relying upon said conduct and representations on the part of the said George Dana Hill, defendant was induced to, and did, fail and abstain from giving or mailing any notice, whether prescribed by statute or otherwise, to the said George Dana Hill, or to any person interested in said policy, concerning the payment of any premium thereon.

A demurrer was interposed to each of these defenses on the ground that each of them failed to state facts sufficient to constitute a defense to plaintiffs' amended complaint. Upon argument, each of these demurrers was sustained, and exceptions taken by the defendant. The plaintiff in error elected to stand upon its pleadings, and declined to plead further. Thereupon the defendants in error moved the court for judgment, and the court granted the motion, against the exceptions of the plaintiff in error, and rendered a judgment against the insurance company for $24,086.61, with interest from the date of the judgment, and costs.

The statute of New York regulating the forfeitures of life insurance policies, as amended May 23, 1877, provides as follows:

"Section 1. No life insurance company doing business in the state of New York shall have power to declare forfeited or lapsed any policy hereafter issued or renewed by reason of non-payment of any annual premium or interest, or any portion thereof, except as hereinafter provided. Whenever any premium or interest due upon any such policy shall remain unpaid when due, a written or printed notice stating the amount of such premium or interest due on such policy, the place where said premium or interest should be paid, and the person to whom the same is payable, shall be duly addressed and mailed to the person whose life is assured, or the assignee of the policy, if notice of the assignment has been given to the company, at his or her last known post office address, postage paid by the company, or by an agent of such company, or person appointed by it to collect such premium. Such notice shall further state that unless the said premium or interest then due shall be paid to the company or to a duly appointed agent or other person authorized to collect such premium within thirty days after the mailing of such notice, the said policy and all payments thereon will become forfeited and void. In case the payment demanded by such notice shall be made within the thirty days limited therefor, the same shall be taken to be in full compliance with the requirements of the policy in respect to the payment of said premium or interest, anything therein contained to the contrary notwithstanding; but no such policy shall in any case be forfeited or declared forfeited or lapsed until the expiration of thirty days after the mailing of such notice. Provided, however, that a notice stating when the premium will fall due and that if not paid the policy and all payments thereon will become forfeited and void, served in the manner hereinbefore provided, at least thirty and not more than sixty days prior to the day when the premium is payable, shall have the same effect as the service of the notice hereinbefore provided for.

"Sec. 2. The affidavit of any one authorized by section one to mail such notice, that the same was duly addressed to the person whose life is assured by the policy, or to the assignee of the policy, if notice of the assignment has been given to the company, in pursuance of said section, shall be presumptive evidence of such notice having been given." Laws 1877, c. 321.

Edward Lyman Short, John B. Allen, and R. C. Strudwick (Struve, Allen, Hughes & McMicken and Strudwick & Peters, of counsel), for plaintiff in error.

S. Warburton (Eben Smith, of counsel), for defendants in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge, after stating the facts as above, delivered the opinion of the court.

This action was brought upon a policy of insurance issued by the plaintiff in error, April 29, 1886, insuring the life of George Dana Hill for $20,000, upon which the first annual premium of $814 was paid when the policy was delivered. No other premiums were ever paid or tendered upon this policy. No notice was ever given by the insurance company to the insured as required by the laws of the state of New York to the effect, among other things, that unless the said premium or interest due on said policy shall be paid the company within 30 days after the mailing of such notice, "the said policy and all payments thereon will become forfeited and void." On December 4, 1890, George Dana Hill died. His surviving beneficiaries under the policy are defendants in error. Judgment was entered in their favor upon the pleadings on January 18, 1899, for $24,086.61, with interest and costs. The policy of insurance, and all the circumstances in relation thereto and in connection therewith, and all the facts concerning the action of the court in sustaining the demurrer of the defendants in error and ordering judgment, are set forth in the statement of the case. There is no controversy as to the facts. The determination of the case rests solely upon the principles of law that are to be applied to the facts. These are important, and deserving of careful, painstaking, and deliberate consideration.

It is contended by the plaintiff in error that the court erred in holding that the contract is to be governed by the statute of the state of New York. This question is not a new one in this court. It has been twice before presented, discussed, considered, and decided. Society v. Nixon, 26 C. C. A. 620, 81 Fed. 796; Same v. Trimble, 27 C. C. A. 404, 83 Fed. 85. After due deliberation upon the facts, and careful examination of the authorities, this court arrived at the conclusion that the contract there in question—which, in so far as the legal principles are involved, cannot be distinguished from the facts of this case—was a New York contract; citing in support thereof Wayman v. Southard, 10 Wheat. 48; Pritchard v. Norton, 106 U. S. 124, 136, 141, 1 Sup. Ct. 102; Bank v. Hume, 128 U. S. 195, 206, 9 Sup. Ct. 41; Coghlan v. Railroad Co., 142 U. S. 101, 109, 12 Sup. Ct. 150; Hall v. Cordell, 142 U. S. 116, 120, 12 Sup. Ct. 154.

In Society v. Nixon, as in this case, it was contended that the statement made by the insured, when requested to pay the premium due upon the policy, that he did not intend to keep the policy in force, amounted in law to a waiver on the part of both the insured and the company, of the notice required to be given by the statute of New York. Replying to this contention, the court said:

"That the statute of New York prescribes the condition upon which a policy may be forfeited for the nonpayment of a premium. The statute is mandatory, and controls the contract. Its provisions are not subject to be set aside or waived either by the company or the assured, or by both together. Society v. Clements, 140 U. S. 226, 233, 11 Sup. Ct. 822; Hicks v. Insurance Co., 9 C. C. A. 215, 60 Fed. 690; Griffith v. Insurance Co. (Cal.) 36 Pac. 117; Warner v. Association, 100 Mich. 157, 58 N. W. 667."

Entertaining no doubt of the correctness of the conclusions therein reached, we respectfully decline to further discuss the same identical questions. It is enough to say that we adhere to the views therein expressed.

It is next contended by the plaintiff in error that the judgment of the circuit court should be reversed because it is rendered, not upon the cause of action alleged in the amended complaint, but upon a cause of action entirely different, in its scope, effect, and meaning, from the one alleged in the complaint; that, in point of fact, the right of the plaintiffs in the action to recover must be determined by the allegations of their complaint; that courts should not permit them to allege one ground of recovery in their complaint, and then afterwards to rely upon another ground; that to permit such a course constitutes a departure not recognized by the law; that it is equally a departure where the plaintiffs bring an action relying upon the common or general law, and then attempt to recover by virtue of a statute; that the one is a departure from fact to fact, the other a departure from law to law. To quote from counsel's brief:

"A party who pleads a specific contract, and performance on his part of its conditions, as his right to recover, is not permitted, after performance has been controverted, to confess his noncompliance, and shift his right of recovery to an unpleaded statute of a foreign state, and assert noncompliance with its provisions on the part of defendant, and adopt the defendant's noncompliance with the unpleaded statute as his own excuse for noncompliance with the conditions of the contract alleged in his complaint. The right of action alleged and abandoned is the act of the party; that not alleged, but relied upon, is the act of the legislature of New York. With performance of the conditions alleged, the right of action is perfect, regardless of the New York statute. Without performance of the conditions alleged, there is no right of action whatever, unless it can be established through the statute of New York. If the statute of New York, instead of performance of the conditions of the contract by defendant in error, affords the ground of recovery, then pleading of the statute is indispensable."

In line with this contention, it is also argued by the plaintiff in error that the defendants in error were not entitled to judgment after the demurrer had been sustained to the affirmative answers and defenses, because issue was joined upon the allegations of performance of the conditions precedent on the part of the insured, entitling defendants in error to a recovery. Of course, the complaint should allege the actual performance of every condition precedent to the plaintiff's right of recovery. The rights of the parties must be determined upon the facts which are put in issue by the pleadings. There is always a departure when a party quits or departs from the case which he first made, and has recourse to another, and the court is not justified in rendering judgment in favor of a plaintiff not warranted by the facts set forth in his pleadings. The general principles of law contended for by counsel are undoubtedly correct. But, in so far as it is sought to apply them to the case in hand, it becomes our duty to carefully consider the allegations of the complaint, and therefrom, in connection with the affirmative defenses set up in the answer, determine whether or not the court erred in rendering judgment upon the pleadings.

In the first place, the cases cited and relied upon by the plaintiff in error are clearly distinguishable in their facts from the case at bar, in this: that the plaintiff's right of recovery therein rested solely upon another separate and distinct cause of action from the one stated in their complaint. In the present case the right of the defendants in error to recover is based exclusively upon the contract set out in their complaint, to wit, the policy of insurance The cause of action set out in the complaint was based upon the identical facts upon which the court gave judgment. There was therefore no departure in this case either from fact to fact, or from law to law, and hence the principle contended for has no application to this case. There was no necessity for the defendants in error to plead the statute of New York. The United States courts take judicial notice of all the public statutes of the several states. Moreover, the question of forfeiture was solely a matter of defense. It is not considered good pleading to anticipate matters of defense.

In the second place, the complaint did not allege that the insured had, during his lifetime, complied with each and every covenant on his part to be performed. The allegation is "that said George Dana Hill during his lifetime duly performed all the conditions of said contract necessary by him to be performed." The natural effect and legal conclusion to be drawn from this averment are that he had only done those things which he was required to do in order to keep the policy alive, of binding force and effect, and to show that it was an existing, valid contract at the time of Hill's death, and that he had not during his lifetime done any act, or failed to perform any act, that forfeited his rights under said policy, or which would in any manner deprive the beneficiaries of their rights thereunder. There is no allegation in the complaint that the insured paid any other than the first premium. The position taken by the defendants in error was that it was only necessary for them to show this fact in order to entitle them to recover. They never made any departure from this position. They never claimed that they had any right to recover upon any other ground. They recovered upon that ground alone. This was their first, last, and only contention.

The affirmative matters alleged in the answer constituted no defense to the cause of action alleged in the complaint. The contract of insurance became complete upon the payment of the first premium. It was kept alive by the provisions of the statute of New York, because the contingency of forfeiture, as therein provided for, had not happened. The contract is to be read in the light of the statute, the same as if the statute had literally been incorporated in the policy. It was not essential to the right of recovery herein that the defendants in error should have paid, or tendered payment of, the premiums due on the policy before commencing the action. When Hill died the relation of debtor and creditors existed between the insurance company and the beneficiaries named in the policy. The unpaid premiums, with legal interest from the date they became payable, constituted a claim on

behalf of the insurance company to be deducted when the company paid the amount due on the policy; thus leaving it in precisely the same situation in which it would have been if the premiums had been paid when they became due. The complaint stated a good and complete cause of action. There could not be any forfeiture of the policy unless the insurance company in its answer alleged, and, if a trial was had, proved, nonpayment of a premium due, after regular service of the notice of nonpayment as required by the statute. Carter v. Insurance Co., 110 N. Y. 16, 17 N. E. 396; Phelan v. Insurance Co., 113 N. Y. 147, 20 N. E. 827; Baxter v. Insurance Co., 119 N. Y. 450, 23 N. E. 1048; De Frece v. Insurance Co., 136 N. Y. 144, 32 N. E. 556; Griesemer v. Insurance Co., 10 Wash. 203, 38 Pac. 1031; Griffith v. Insurance Co., 101 Cal. 627, 642, 36 Pac. 113; Osborne v. Insurance Co. (Cal.) 56 Pac. 616; Hicks v. Insurance Co., 9 C. C. A. 215, 60 Fed. 690, 692; Mullen v. Insurance Co. (Tex. Sup.) 34 S. W. 605.

The plea of estoppel, as set forth in the third affirmative defense, is but another name for waiver. There is no question concerning the plea of estoppel that can be distinguished from the question as to the plea of waiver. As the parties could not waive the requirements of the statute as to the manner in which the policy could be forfeited, how could the beneficiaries, who had vested rights therein, be devested of such rights, except in the manner provided by law? They certainly could not be bound by any declarations which their father may have made in his lifetime to any agent or officer of the insurance company as to his inability to pay the premium then due upon the policy, or that he did not intend to pay that or any future premium, or that the insurance company might consider the policy forfeited without giving the notice specified in the statute. To so hold would entirely abrogate the provisions of the statute and of the policy. As was said by the court in Baxter v. Insurance Co.:

"When the provisions of this statute are adopted in a contract of insurance, for the purpose of modifying the forfeiture clause and the other strict conditions contained therein, then the clause and these conditions should be so construed as to give to the assured the full benefit contemplated, without altering any other provision of the policy, if this can be done without violating any rule of law."

The judgment of the circuit court is affirmed, with costs.