MUTUAL LIFE INS. CO. OF NEW YORK v. SEARS. (Circuit Court of Appeals, Ninth Circuit. October 2, 1899.) No. 541. In Error to the Circuit Court of the United States for the Western Division of the District of Washington. Edward Lyman Short and John B. Allen (Struve, Allen, Hughes & McMicken, of counsel), for plaintiff in error. S. Warburton, for defendant in error. Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

HAWLEY, District Judge. The facts in this case, in so far as they bear upon the question of the policy of insurance herein sued upon, being a New York contract and governed by the laws of that state as to the forfeiture of the policy, are identical with the facts presented in Insurance Co. v. Hill (C. C. A.) 97 Fed. 263. The other facts presented by the pleadings are as follows: On May 18, 1891, the Mutual Life Insurance Company of New York issued a policy of insurance upon the life of Stephen P. Sears in the sum of $10,000, upon which an annual premium of $491 was to be paid for 10 years. Sears paid the first premium upon the delivery of the policy in 1891. He paid the second premium when due, May 18, 1892; and the policy by its terms then became an operative and binding contract between the parties. He never paid any other premium, or any part or portion thereof. Owing to his failure to pay any further premium, the insurance company declared the policy lapsed, forfeited, and void, and so entered it upon its books and records. After Sears failed to pay the annual premium due May 18, 1893, and after he was informed that said policy had been by the insurance company declared lapsed and void for nonpayment of the premium, an agent of the insurance company applied to him to make restoration of said policy, by making payment of said defaulted premium; but Sears refused to make such payment, and elected to have the policy terminated, and for this reason the insurance company never took any further steps in relation to the policy, by way of notice or otherwise, in order to effect the cancellation and termination thereof. On March 30, 1898, Sears died. Prior to his death he made his will, appointing his wife, Bessie F. Sears, executrix of his estate. This will was admitted to probate April 30, 1898, and the executrix appointed thereunder duly qualified and entered upon her duties. On June 14, 1898, the executrix notified the insurance company of Sears' death, inclosing due and sufficient proofs thereof. On June 23, 1898, she received a reply from the company, acknowledging receipt of the notice and proofs of death. On September 19, 1898, she commenced this action. Upon these facts, admitted by the pleadings, it is clear that the court did not err in sustaining the demurrer to the answer, and rendering judgment in favor of the executrix for $7,448.94, with interest and costs. There was no issue raised by the pleadings. The parties could not waive the provisions of the statute of New York, which expressed the conditions upon which the policy might be forfeited for nonpayment of premiums. The New York statute has been regarded as indicative of the legislative will and intent that life insurance companies

should be deprived of the power to declare policies forfeited for nonpayment of premiums, except in the mode prescribed by the statute. Upon the authority of Insurance Co. v. Hill, and of the authorities there cited, the judgment of the circuit court is affirmed, with costs.