## FAUER v. ÆTNA LIFE INS. CO.
### No. 384.

Circuit Court of Appeals, Second Circuit.
April 30, 1934.

J. Emanuel Ankus, of New York City (Joseph Pickholtz, of New York City, of counsel), for appellant.

James B. Henney, of New York City (Daniel Miner and William S. O'Connor, both of New York City, of counsel), for defendant-respondent.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought by the plaintiff, a resident of New York, against the Ætna Life Insurance Company, a Connecticut corporation, doing business in New York, to recover as the beneficiary named in the policy, the principal sum of a policy of life insurance for $5,000 dated September 9, 1929, and issued by the defendant on the life of her husband, Samuel Fauer.

For the purposes of this action, though for such purposes only, the parties have agreed as to all essential facts. They are as follows:

· When the policy was issued to Samuel Fauer, who was a resident of New York, it was written on the basis of the yearly pay-

ment of premiums. The first such premium was paid on October 21, 1929. The next premium was due September 9, 1930, but a grace provision of thirty-one days prevented a lapse for nonpayment of premium until October 10, 1930. No notice as to the September 9, 1930, premium was sent the insured. On October 8, 1930, the insured and the defendant agreed, in accordance with the terms of a written instrument they then executed, to change the method of premium payment from an annual to a monthly basis. The insured thereafter paid each monthly premium up to and including that for the month of April, 1931. The defendant sent him a written notice more than fifteen days and less than forty-five days before the May 9, 1931, premium was due, but neither that nor any subsequent premiums were paid.

On February 9, 1931, the insured became totally and permanently disabled. No notice was sent to the defendant until after the insured died. His death occurred October 27, 1931, and before he had attained age 60. On November 7, 1931, attorneys in New York representing the plaintiff wrote a letter to the defendant in Hartford, Conn., which follows:

"November 7, 1931

"Ætna Life Insurance Company,
    Hartford, Connecticut

"Re: Policy No. N811061

"Gentlemen: Would you kindly let us know by return mail the status of the above numbered policy. We enclose proof of death of Samuel Fauer who has died after a lingering attack of cancer which lasted about a year, we are informed.

"Please inform us immediately whether we are entitled to anything.

"Very truly yours,
        "Martinson & Pickholtz."

And on November 10, 1931, the defendant replied by letter saying:

"Re Policy N811061—lapsed Samuel Fauer

"Gentlemen: We regret to inform you that the above numbered policy, referred to in your inquiry of November 7, lapsed for non-payment of the premium due May 9, 1931 and has had no value since date of lapse.

"Very truly yours,
        "Life Claim Division,
        "E. H. Tulman, Examiner."

The policy contained a provision which so far as it is claimed to be applicable is as follows:

"Permanent Total Disability Provision.

"If, before default in payment of premium, the insured becomes totally and permanently disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit, the following benefits will be available:

"When Such Disability Occurs before Age Sixty.

"A waiver of the payment of premiums falling due during such disability, and an income of ten dollars a month for each one thousand dollars of the sum insured payable to the life owner each month in advance during such disability.

"If before attaining the age of sixty years the insured becomes totally disabled by bodily injuries or disease and is thereby prevented from performing any work or conducting any business for compensation or profit for a period of ninety consecutive days, then, if satisfactory evidence has not been previously furnished that such disability is permanent, such disability shall be presumed to be permanent. In such a case, benefits shall accrue from the expiration of the said ninety days, but not from a date more than six months prior to the date that evidence of such disability satisfactory to the Company is received at its Home Office. No benefit shall accrue prior to the expiration of said ninety days unless during that period evidence satisfactory to the Company is received at its Home Office while the insured is living that the total disability will be permanent, in which event benefits will accrue from the commencement of disability."

The first error urged on the part of the plaintiff is a claimed failure of the trial court to give effect to section 92 of the Insurance Law of New York (Consol. Laws, c. 28), which provides that no life insurance company doing business in New York may, within one year from the failure to pay such premium, declare a policy, not issued upon the payment of monthly or weekly premiums or unless it is a term insurance contract for one year or less, lapsed for failure to pay any premium when due unless a written or printed notice is mailed the insured postage prepaid "at least fifteen and not more than forty-five days prior to the day when the same is payable."

Although the statute is to be treated as a part of the contract (Adam v. Manhattan Life Insurance Co., 204 N. Y. 357, 97 N. E. 740), is to be construed strictly in favor of

the insured (Hicks v. National Life Insurance Co. [C. C. A.] 60 F. 690), and will prevent a lapse because of the nonpayment of a premium for which it requires a notice, the undisputed facts in this case do not bring the claimed lapse within the provisions of the statute.

Before the grace period had run on the premium due September 9, 1930, the parties modified the contract, not in respect to the time of payment of the premium due as was the case in Strauss v. Union Central Life Insurance Co., 170 N. Y. 349, 63 N. E. 347, but to cancel the provision for the payment of that annual premium and all subsequent annual premiums and to provide for the payment thereafter of monthly premiums. This put the policy on a premium payment basis not requiring notices by the statute. The lapse claimed is not for the nonpayment of the September 9, 1930, premium, but for the failure to pay a separate and distinct premium due May 9, 1931, for which a timely notice was sent by the defendant though, being a monthly premium, the statute did not apply to it.

The second point has to do with the effect of the total disability provision above set forth. The insured was disabled several months before the claimed lapse of the policy for nonpayment of the May premium. The disability provision made available two kinds of benefits: First, a waiver of premiums falling due after such disability. Second, an income during disability. The circumstances under which these benefits became available are stated. They are conditioned upon the occurrence of total disability before default in the payment of premium. That condition was fulfilled. If disability continues for a period of ninety days, it shall be presumed to be permanent even if evidence that it was in fact permanent has not previously been furnished. In the event of such presumptive establishment of permanency, the insured becomes entitled to the benefits from the end of the ninety-day period or from a date not more than six months previous to the time when satisfactory evidence of disability is received by the company at its home office if the ninety-day period expires more than six months before such evidence is received.

Notwithstanding the foregoing circumstances under which these benefits are available, however, an absolute condition upon their accrual is incorporated into the same paragraph which provides in plain and simple language whose meaning is unequivocal that no benefit shall accrue before the expiration of said ninety days unless during that period evidence satisfactory to the company is received at its home office, while the insured is living, that the total disability will be permanent, in which event benefits will accrue from the commencement of disability. This condition clearly applies to benefits claimed for the ninety-day period or for some portion of it and has no bearing on the issue here. The decisive factor is the limitation upon the accrual of any benefits prior to a date six months before satisfactory evidence of disability is received at the home office of the company.

No evidence whatever of such disability was received by the company until it received the above-quoted letter and proof of death, after November 7, 1931, and before November 10, 1931, the date on which it replied by claiming the lapse. It appears that this was not evidence of disability satisfactory to the company, and, unless it was bound to be satisfied with it, no benefits ever accrued. If no benefits accrued, there was no waiver of premiums unpaid and the policy lapsed as claimed.

On the subject of proof of disability the letter of the attorneys and the proof of death hardly require discussion. In the former there was nothing which touched the point but the statement that: "We enclose proof of death of Samuel Fauer who has died after a lingering attack of cancer, we are informed." That statement shows on its face that the writer had no personal knowledge and there was nothing, even by way of information from an undisclosed source, to show when the insured became permanently disabled before his death. In the proof of death the only thing which could by any stretch of the imagination bear on the subject was "deponent saw her husband in death and was informed that he had cancer." That this so-called proof of permanent disability need not have been accepted by the defendants as satisfactory proof of the accrual of disability benefits, something not then even suggested, is obvious. Moreover, we should not be willing to assume, in the absence of proof to that effect, that, whenever a person is afflicted with a cancer which eventually proves to be fatal, such person is totally disabled for the duration of the disease. Common sense and common experience indicate the contrary too strongly for us to attribute any such effect to that disease generally. Were we able to do so, it could hardly be thought that the word "lingering" afforded any evidence which should have been satisfactory to the company of the date when the insured became afflicted. Nor is

it reasonable to say that the company was bound to treat this meager information, clearly conveyed to it only as incidental to the proof of death, as an attempt to prove disability and make objection, if not satisfied, in time to permit additional proof to be furnished to prevent the lapse. Moreover, it did act promptly in denying all liability. The proof of death was sent from New York to it at Hartford, Conn., in a letter dated November 7th, and it replied November 10th. If there was no time then for the plaintiff to do more than accept the consequences of failure to furnish timely and satisfactory proof of disability, the defendant cannot be charged with responsibility for that.

Judgment affirmed.