NANCY SBARBORA, Plaintiff, *v.* THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Defendant.*

Supreme Court, Trial Term, New York County, April 12, 1937.

* Affd., 253 App. Div. 707. See, also, Id. 879.

*Alfred Conrad*, for the plaintiff.

*Alexander & Green*, for the defendant.

McLAUGHLIN (CHARLES B.), J.   This is an action brought by the plaintiff, Nancy Sbarbora, as beneficiary of a policy of life insurance issued by the defendant on the life of Joseph Sbarbora, deceased.   The policy was issued on or about April 9, 1931.   The deceased failed to pay the premium of $200 due on April 7, 1934, within the period of grace.   The surrender value of the policy was $285, but this amount was completely offset by a loan on the policy in the same amount.   The insured died on December 28, 1934.

It is not claimed that the insured paid the premium due on April 7, 1934.   In fact, the testimony would indicate that after he received the full loan obtainable on it he apparently abandoned any idea of keeping the policy in force.   The claim is now made that there was no forfeiture of this policy because the notice required by section 92 of the Insurance Law was not mailed to Joseph Sbarbora at his " last known post-office address in this State."   It is not disputed that prior to April 7, 1934, the insured lived at 276 Sullivan place, Brooklyn.   However, there was a contract of insurance between him and the defendant and the policy contained the terms of the contract.   In it the parties agreed that the last address for the purpose of premium notices was 941 Washington avenue, Brooklyn.   This agreement was never changed in this respect.   On March 6, 1934, Joseph Sbarbora executed a loan agreement.   It is contended that because the loan agreement gives the insured's address as 276 Sullivan place, Brooklyn, this was the place to send the premium notice under section 92 of the Insurance Law.   It could not possibly have the effect of so changing the contract of insurance between these parties for on the loan agreement itself there appears the following writing: " Note: If change of address for premium notice purposes is desired, notice must be given in a separate communication.   This is not legal notice for such change."   These parties had agreed that the premium notice should be sent to 941 Washington avenue, Brooklyn.   If the defendant had notified the insured by mailing the notice to 276 Sullivan place no cancellation of the policy could have been effectuated.   In *Carter* v. *Brooklyn Life Ins. Co.* (110 N. Y. 15, 22) the court said: " It would, of course, be competent for him to agree upon some other mode of address, but, in the absence of such an agreement, the defendant was not at liberty to adopt another address by which the notice might or might not reach him.   The plaintiff had never changed his post office address or notified the defendant that he intended to do so."

In the present case the insured had contracted that the premium notices were to be sent to 941 Washington avenue, Brooklyn. He had never changed his address with respect to the sending of these premium notices. Even after he moved to 276 Sullivan place he accepted moneys sent to 941 Washington avenue and never notified the defendant that he wanted his address changed in their records for the purpose of sending premium notices and, therefore, as far as the records of the defendant were concerned, the 941 Washington avenue address remained the one to which notices had to be sent. The proof is clear that the notice of the premium due was mailed to the insured at 941 Washington avenue, Brooklyn. This was a proper compliance with the provisions of section 92 of the Insurance Law. (*Carter* v. *Brooklyn Life Ins. Co.*, *supra; Wolarsky* v. *New York Life Ins. Co.*, 120 App. Div. 99.)

The evidence also established the actual receipt of the notice of premium due. The premium notice was mailed to 941 Washington avenue, Brooklyn, on March 16, 1934. The defendant offered evidence which to the court seems quite credible that on October 4, 1933, an order to change the insured's address was filed in the Brooklyn post office. This order directed that the post office department forward mail from the Washington avenue address to Sullivan place. The proof also shows that an envelope similar to the one that would contain this notice was received by the defendant at the Sullivan place address. It is also shown that at least one letter containing a payment from the defendant was received, accepted and the check cashed by the insured after the letter had been forwarded from the Washington avenue address to the Sullivan place address. The court believes that it may fairly be said that when a notice of change of address is filed with the post office department the clerks do their duty, the mail being forwarded to the new address so that in the ordinary course of events a letter would be delivered within a few days after its mailing. There is no question that the letter containing the notice of cancellation, after being mailed to the Washington avenue address, was in turn forwarded to Sullivan place and received there by the defendant.

It would appear that the defendant complied with section 92 of the Insurance Law by giving notice to the insured at his last known address and this last known address was definitely established by agreement between the insurer and the insured. It was also established that the defendant actually received the notice of cancellation through the mail. This policy was not in force when the insured died on December 28, 1934. Verdict is directed in favor of the defendant.